62854. HICKS v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of theft by taking.

1. Appellant was jointly indicted and tried with two co-defendants. All three defendants had been present at the scene of the theft. While the actual seizure of the property had been perpetrated in the front of the store by one of the co-defendants, appellant was at the back engaging a store employee in "dumb" conversation concerning merchandise. During the subsequent investigation of the crime the police found "an automobile that might be connected with this case." The automobile was impounded and inventoried. In the inventory, three traffic tickets were discovered, one issued to a co-defendant and two to appellant. At trial the state was apparently prepared to offer the three traffic tickets into evidence on the theory that finding the citations, which had been issued a few days prior to the crime, in the same vehicle demonstrated that appellant and the co-defendant were acquainted, and thus that appellant's presence at the scene of the crime was not a mere fortuitous circumstance but was, in light of his other actions at the scene, for the purpose of facilitating the theft. See *Jackson v. State,* 225 Ga. 39, 44 (4) (165 SE2d 711) (1969). In other words, it was the state's position that the evidence demonstrating a prior acquaintance tended to establish that appellant's connection with the crime was more than merely being present at the scene and that the tickets tied together the circumstantial evidence identifying appellant as a party to the theft. See *Hanson v. State,* 143 Ga. App. 200, 201 (2) (237 SE2d 699) (1977).

Outside the presence of the jury the trial court determined that the three traffic tickets would not be admitted into evidence. However, the trial court agreed to allow testimony concerning the circumstances under which certain "pieces of paper" were found which contained the names of the co-defendant and appellant but

that these "pieces of paper" could not be referred to as "traffic tickets." The witness for the state was so instructed. The jury returned and the witness began his testimony concerning the "certain pieces of paper." During the course of that testimony the witness made reference to "two tickets." At the request of defense counsel, the jury was removed from the courtroom and a motion for mistrial was made on the ground that the witness had interjected the character of appellant into issue with the reference to "two tickets." The trial court refused to grant a mistrial or to give curative instructions. Appellant enumerates as error the failure to grant a mistrial or to give instructions that the testimony be disregarded.

Even assuming without deciding that the traffic tickets themselves were not otherwise admissible into evidence for the reasons discussed above, we find no error in the refusal to grant a mistrial premised upon a passing reference to "tickets" which were not otherwise identified as *traffic* citations. See generally, *Creamer v. State,* 229 Ga. 704, 707 (2) (194 SE2d 73) (1972); *Moss v. State,* 136 Ga. App. 241, 242 (1) (220 SE2d 761) (1975). Merely that there were "two tickets" containing appellant's name thereon, did not place his character into evidence. Nor was it error to fail to give curative instructions. As discussed above, the testimony did not place appellant's character into issue and, even assuming that the passing and apparently inadvertent reference to "tickets" violated the tenor of the trial court's instructions to the witness, the giving of curative instructions to disregard the testimony might well have intimated to the jury that the nature of the "tickets" was much more sinister than had been indicated by the mere innocent reference to them as such. Under such circumstances an instruction would hardly be "curative."

2. Appellant enumerates as error the admission into evidence of his out-of-court inculpatory statement which he gave to the police. At the hearing on the voluntariness of appellant's statement, the state made a prima facie showing. See *Harrington v. State,* 139 Ga. App. 428 (228 SE2d 591) (1976). However, the statement of one of appellant's co-defendants was subsequently, and perhaps erroneously, ruled inadmissible on the basis that it was induced by the promise of a low bond which the trial court found to be an impermissible "hope of benefit." See *Ramey v. State,* 145 Ga. App. 812 (2) (245 SE2d 45) (1978); *Cline v. State,* 153 Ga. App. 576, 578 (4) (266 SE2d 266) (1980). Compare *Hickox v. State,* 138 Ga. App. 882, 883 (4) (227 SE2d 829) (1976). At that point appellant unsuccessfully renewed his objection to the admissibility of his own statement. Appellant's argument that his statement was likewise inadmissible is premised upon the contention that his co-defendant had related to him the "hope of benefit" which had induced the co-defendant's

inadmissible statement. This argument is without merit. The fact that the statement of the co-defendant may have been obtained in violation of his constitutional rights does not automatically demonstrate that appellant's statement was likewise inadmissible. See *Sims v. State,* 243 Ga. 83, 84 (2) (252 SE2d 501) (1979). At the hearing on the admissibility of appellant's statement, the co-defendant testified that the officers did not tell him to relate any "promise" to appellant and that the officers did not ask the co-defendant to induce appellant into making a statement to them. Rather, the co-defendant "just did that on [his] own." It is further apparent from the evidence adduced at the hearing on the admissibility of appellant's statement that the trial court was authorized to find that appellant's decision to make his statement was prompted by the unsolicited advice of his co-defendant, who had apparently told appellant that his own statement had already implicated appellant. After appellant signed a waiver of rights and before he made the statement, it is undisputed that no threats or promises were made by the officer. In fact, appellant was told, in contravention of his co-defendant's previous "advice," that appellant's bond "would probably be fifty thousand." The "prompting" by the co-defendant did not render inadmissible the statement that appellant subsequently gave to the authorities. See *Dick v. State,* 246 Ga. 697, 700 (2) (273 SE2d 124) (1980); *Shavers v. State,* 244 Ga. 491, 493 (2) (260 SE2d 883) (1979). The trial court did not err in admitting appellant's statement into evidence. "Thereafter, the question of whether or not [that statement] was freely and voluntarily given, without hope of benefit or fear of injury, became one of fact for determination by the jury. [Cits.]" *Simonton v. State,* 151 Ga. App. 431, 433 (5) (260 SE2d 487) (1979).

3. Appellant further contends that he did not knowingly and intelligently waive his rights prior to making his statement. Appellant contends, in essence, that with regard to the written waiver form he signed he "didn't know [he] was really waiving it, even though [he] read it." It appears that the written waiver form was read to and read by appellant prior to signing it and making his statement. It further appears that appellant, who was not under the influence of any drugs and who had the equivalence of a high school education and was capable of reading and writing the English language, indisputably stated at the hearing on the admissibility of his statement that he had in fact "understood [the waiver form] and [he] signed it." A review of the record demonstrates that appellant's objection to the waiver of his rights was merely that the statement in the waiver form itself that it was not induced by "threats or promises" was not true at the time he signed it. Under these circumstances the

trial court was authorized to find that the waiver by appellant was made knowingly and intelligently (see generally *Hurt v. State,* 239 Ga. 665, 669-670 (238 SE2d 542) (1977)) and, for the reasons discussed in Division 2 above, that the waiver was voluntary. We find no error.

4. A copy of appellant's signed waiver form was sent out with the jury. Appellant asserts that because he had objected to the underlying admissibility of this evidence the trial court erred, even absent objection, in allowing it to go out with the jury. This argument is meritless. *Sanders v. State,* 246 Ga. 42 (2) (268 SE2d 628) (1980).

5. Arguing that his statement was not sufficiently corroborated under Code Ann. § 38-420, appellant enumerates as error the denial of his motion for a directed verdict of acquittal. We have reviewed the transcript and find that the inculpatory statement was adequately corroborated. See generally *Scoggins v. State,* 156 Ga. App. 652 (1) (275 SE2d 676) (1980); *Rosser v. State,* 157 Ga. App. 161, 162 (2a) (276 SE2d 672) (1981). After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 12, 1982.

*L. Howard Freeman, Jr.,* for appellant.
*Lamar Cole, District Attorney, Fred R. Simpson, Assistant District Attorney,* for appellee.