## 38812. RENO v. RENO.

WELTNER, Justice.

We granted the application of Arthur J. Reno, Jr. to appeal the denial of his motion for new trial after a final judgment and decree had been issued upon a jury verdict. The case originated as an action for divorce by L. June Reno against Arthur J. Reno, Jr.

(1) Counsel for the husband made an oral motion in limine "... to limit testimony by either cross-examination of our client or direct testimony of Mrs. Reno in this case as to any allegations of adultery that might be made or alluded to. . . ." The trial judge granted the motion, which was based on our holding in *Bryan v. Bryan,* 242 Ga. 826 (5) (251 SE2d 566) (1979), that, in proceedings instituted in consequence of adultery, a party is not competent to testify to his own or his spouse's adultery. See Ga. Code Ann. §§ 38-1603 and 38-1606 (the latter section has since been amended; see Ga. L. 1982, Vol. I, Book II, p. 1187).

During her direct testimony at trial, the wife's attorney asked her to explain why the couple separated briefly in 1975. She responded, "He had told me he had some affairs with [other women], and I couldn't handle it." The husband's attorney made no objection at that time, but instead moved for a mistrial at the next scheduled recess. The trial judge denied the motion, stating that husband's attorney should have objected to the testimony when it was offered or, at least, should have asked to make a motion out of the presence of the jury at that time. The issue before this Court therefore is whether, after a motion in limine to exclude certain evidence is granted, the movant must object to a subsequent offer of evidence allegedly encompassed by the preliminary ruling in order to preserve the alleged error for appellate review. For the following reasons, we conclude that the answer is no.

In *Harley-Davidson Motor Co. v. Daniel,* 244 Ga. 284 (1) (260 SE2d 20) (1979), we held that where a motion in limine to exclude certain evidence is denied, the movant need not renew his objection when the disputed evidence is offered at trial, in order to preserve the movant's right to appeal the denial of the motion. Writing for the Court, then Presiding Justice Undercofler stated: "All the purposes of an objection have already been fulfilled by the proceedings on the motion in limine. The trial court has been apprised of the possible error in admitting the evidence and has made its ruling, and the record has been perfected for appeal purposes." 244 Ga. at p. 286. " 'The purpose in filing a motion in limine to suppress evidence or to instruct opposing counsel not to offer it is to prevent the asking of prejudicial questions and the making of prejudicial statements in the

presence of the jury with respect to matters which have no proper bearing on the issues in the case or on the rights of the parties to the suit. It is the prejudicial effect of the questions asked or statements made in connection with the offer of the evidence, not the prejudicial effect of the evidence itself, which the motion in limine is intended to reach.' Bridges v. City of Richardson, 163 Tex. 292 (354 SW2d 366, 367) (1962)." 244 Ga. at p. 285, fn. 1.

The reasoning of *Daniel* applies also where a motion in limine to suppress evidence is granted. To hold otherwise, and require the successful movant to object when evidence encompassed by the motion in limine is nevertheless offered at trial, would defeat the purpose of the motion in limine, as the movant would be forced, in the presence of the jury, to call special attention to prejudicial evidence which the trial court had previously ordered to be excluded from the jury's consideration.

In the present case, the wife's reference to the husband's "affairs" constituted an allegation of adultery. Webster's Third New International Dictionary (1961) defines "affair" in this context as "a romantic or passionate attachment typically of limited duration; an illicit sexual relationship."

Nevertheless, it does not follow that the husband is entitled absolutely to a new trial. With the recent amendment of Code Ann. § 38-1606 (see Ga. L. 1982, Vol. I, Book II, p. 1187), the statutory basis for our holding in *Bryan v. Bryan,* supra, has been removed. See *Brown v. Hauser,* 249 Ga. 513 (3) (292 SE2d 1) (1982). Thus, on a retrial of this case either party would be competent to testify to his own or his spouse's adultery, if any, and the testimony of the wife which is complained of in the instant appeal would be admissible. In his supplemental brief, the husband acknowledges this change in the law, but asserts that on a retrial it would be permissible for him to counter the wife's allegations of adultery with similar allegations regarding her conduct. The husband having obtained a favorable ruling on the motion in limine and abided by that ruling, he should be entitled to make an offer of proof. Therefore, the case is remanded to the trial court for a determination of the question whether the husband's cause was prejudiced by the exclusion of any evidence which he now claims might be offered upon a new trial. Absent a showing of prejudice, the judgment of the trial court will be affirmed.

(2) The husband contends that the trial court erred in failing to set aside an award of attorney's fees to the wife made as a part of temporary alimony. While the wife's action for divorce and alimony was pending below, the husband obtained a decree of divorce in the State of Texas. On the the husband's motion the trial court gave full faith and credit to the Texas divorce. The husband contends that, as

the wife did not reserve the issue of temporary alimony prior to the grant of the Texas divorce, the trial court was without power to make such an award.

After the trial court accorded full faith and credit to the Texas decree of divorce, the wife's suit remained pending as a suit for permanent alimony. See Code Ann. § 30-226 and *Spadea v. Spadea,* 225 Ga. 80 (2) (165 SE2d 836) (1969); see also McConaughey, Georgia Divorce, Alimony and Child Custody, 2d ed., § 17-4 (1980). Attorney's fees may be awarded in a suit for alimony. Code Ann. § 30-202.1. The wife reserved the issue of attorney's fees prior to the jury verdict, and the trial court did not abuse its discretion in awarding attorney's fees to the wife as part of the final judgment.

(3) The husband contends that the award of attorney's fees was excessive, alleging that most of the award related to prior litigation which failed for want of jurisdiction. This contention is not supported by argument or citation of authority, and is deemed abandoned. Rules of the Supreme Court of Georgia, Rule 46.

*Judgment reversed and case remanded in part and affirmed in part. All the Justices concur.*

DECIDED SEPTEMBER 23, 1982.

*Kingloff, Clifford & Travis, J. Stephen Clifford, Charles H. Hyatt,* for appellant.
*L. Prentice Eager III, F. Glenn Moffett, Jr.,* for appellee.