## 67146. RALSTON v. THE STATE.

CARLEY, Judge.

Appellant was tried before a jury and convicted of theft by taking. His motion for new trial was denied and he appeals.

Appellant originally entered a plea of not guilty. Subsequently, in an attempt to secure treatment as a first offender, appellant sought to change his plea to guilty. When the trial court declined to afford appellant first offender treatment, the guilty plea was withdrawn and the plea of not guilty was reentered.

Before trial, appellant made a motion in limine, seeking to prohibit the state "from commenting on, alluding to, or otherwise introducing into evidence either directly or indirectly, the fact that [appellant's guilty] plea was in fact tendered, inasmuch as any such evidence pertaining thereto or a comment made thereupon would be irreparably harmful, prejudicial and would constitute reversible error." The trial court granted his motion in limine.

During closing argument, counsel for the state employed a chart to illustrate the chronology of events in the case against appellant. During the course of referring to the chart, counsel for the state made the following comment: "[Appellant] pleads guilty on that day — not guilty on that day." No objection was raised at the time this comment was made or at any time before the jury returned its verdict of guilty. It was not until the motion for new trial that any contention was made that the comment regarding appellant's guilty plea was prejudicial and violative of the motion in limine. Appellant's sole enumeration of error on appeal is that this ground of his motion for new trial was meritorious and that the trial court erred in failing so to rule.

" 'When improper argument is made to the jury by an attorney for one of the parties, it is necessary, in order to make the same a basis for review, that opposing counsel, during the trial, properly object to such argument or invoke some ruling or instruction with reference thereto by the court.' " *Cochran v. State*, 213 Ga. 706 (2) (100

SE2d 919) (1957). Appellant, however, relies upon *Reno v. Reno*, 249 Ga. 855 (295 SE2d 94) (1982), for the proposition that his failure to object to the comment does not preclude him from now asserting that it was prejudicial and improper. "[A]fter a motion in limine to exclude certain evidence is granted, the movant [need not] object to a subsequent offer of evidence allegedly encompassed by the preliminary ruling in order to preserve the alleged error for appellate review." *Reno v. Reno*, supra.

" ' "The purpose in filing a motion in limine [is] to suppress evidence or to instruct opposing counsel not to offer it . . ." [Cit.]' " *Reno v. Reno*, supra. Assuming without deciding that the holding in *Reno*, which relates to the introduction of *evidence* in contravention of the grant of a motion in limine, is even applicable to the instant case, which relates to alleged improper *argument* by counsel, no reversible error is shown. *Reno* involved uncorrected actions by counsel which were clearly calculated to circumvent the prior grant of a motion in limine. In direct contrast, the alleged prejudicial comment in the instant case was clearly a mere slip of the tongue which was immediately corrected. The record demonstrates that, at the time the comment concerning the events of "that day" was made, counsel for the state was making direct reference to the chronological chart. The chart itself clearly indicates that the date to which reference was being made was "that day" on which appellant had entered his original plea of *not* guilty. Thus, the "comment" was without question no more than an inadvertent slip of the tongue, misstating "guilty" for "not guilty," made while counsel for the state was orally relating to the jury the written chronology of the events as evidenced by the chart. This misstatement was immediately corrected by counsel so as to conform his argument to the writing upon which it was based.

It has long been recognized that a trial court's inadvertent slip of the tongue, if not likely to mislead the jury, is not grounds for a new trial. See generally *Siegel v. State*, 206 Ga. 252 (2) (56 SE2d 512) (1949). A trial court's mere slip of the tongue is not likely to mislead the jury if it is immediately corrected. See generally *Robinson v. State*, 129 Ga. 336 (1) (58 SE 842) (1907). Appellant has offered no reason why the same rules should not apply when the slip of the tongue and the corrections are made by counsel during closing argument. We know of none. It certainly serves no useful purpose to deviate from such an analysis where, as in the instant case, there is total acquiescence in the events at trial and error is not urged until after an adverse verdict is rendered. " 'A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.' [Cit.]" *Cochran v. State*, supra.

It was not error to deny appellant's motion for a new trial.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 28, 1984 —
REHEARING DENIED MARCH 20, 1984 — ▆▆▆▆▆

*F. Gregory Melton, Bobby Lee Cook, Sr.*, for appellant.
*Stephen A. Williams, District Attorney, Jacques O. Partain III,
Steven M. Harrison, Assistant District Attorneys*, for appellee.