### 67570. STEPHENS et al. v. DEPARTMENT OF TRANSPORTATION.

CARLEY, Judge.

Resolution of the instant appeal requires an understanding of the entire procedural history of the litigation.

Pursuant to the provisions of OCGA § 32-3-1 et seq., two condemnation actions were instituted by appellee-condemnor Department of Transportation (DOT). As to at least a portion of each parcel taken by DOT, appellant-condemnees held a leasehold interest and accordingly became defendants in the proceedings. Condemnees were dissatisfied with the amount of estimated just and adequate compen-

sation deposited into court by DOT, and they filed notices of appeal pursuant to OCGA § 32-3-14.

Thereafter, and apparently on its own motion, the superior court entered an order appointing a special master in the proceedings, and referred to him all "questions of law or fact in both . . . cases, *including but not limited to,* all such questions involving just and adequate compensation . . ." (Emphasis supplied.) DOT objected, contending that the superior court's sua sponte order referring any and all questions for resolution by a special master was overly broad and not authorized in condemnation proceedings instituted pursuant to OCGA § 32-3-1 et seq. DOT's objections were overruled. The report and recommendations made by the special master were subsequently approved by the superior court. In addition to recommending an award of compensation, the report of the special master, as approved by the superior court, made certain other determinations regarding contested issues, including a finding that condemnees had "a leasehold interest in the entire twenty-three (23) foot strip condemned by these cases and not just the three (3) foot strip as contended by" DOT.

Thereafter, the appeals which had been filed by condemnees pursuant to OCGA § 32-3-14 came on for jury trial. Condemnees moved to exclude, from that trial, such evidence as might relate to the question of whether or not their leasehold interests extended to the entirety of the condemned 23-foot strip. Condemnees' contention was that this issue was res judicata as the result of the prior award of the special master. Condemnees' motion was denied, and during the course of the trial, evidence regarding this issue was admitted. The jury's verdict was in an amount significantly less than the award which had been recommended by the special master. According to condemnees, this lower award was the consequence of the erroneous admission of evidence regarding the extent of their leasehold interests in the condemned strip. Condemnees' motion for new trial was denied, from which ruling they bring the instant appeal.

1. The admission of the evidence regarding the extent of condemnees' leasehold interests in the condemned property is enumerated as error. DOT first contends that the condemnees' failure to raise an objection at each point in the trial when such evidence was introduced constitutes a forfeiture of the right to enumerate its admission as error. *Harley-Davidson Motor Co., Inc. v. Daniel*, 244 Ga. 284 (260 SE2d 20) (1979) is controlling on this issue. In that case, the Supreme Court "held that where a motion in limine to exclude certain evidence is denied, the movant need not renew his objection when the disputed evidence is offered at trial, in order to preserve the movant's right to appeal the denial of the motion." *Reno v. Reno*, 249 Ga. 855 (295 SE2d 94) (1982). Accordingly, the denial of the condemnees' preliminary motion to exclude the contested evidence is a

sufficient perfection of the record as to this enumeration.

We must initially determine whether the trial court properly acted on its own motion in entering the original order appointing a special master in the instant condemnation proceedings and, if so, whether the scope of the order exceeded the parameters established by the applicable statute. As noted above, the instant proceedings were instituted pursuant to OCGA § 32-3-1 et seq., *not* OCGA § 22-2-100 et seq. When condemnation proceedings are instituted pursuant to the latter provisions, the superior court "shall make an order requiring the condemnor, the person in possession of the property or interest, and any other person known to have any rights in the property or interest to appear at a hearing before a special master . . . and to make known their rights, if any, in and to the property or interest sought to be condemned, their claims as to the value of the property or interest, and any other matters material to their respective rights." OCGA § 22-2-102. Thus, in such a condemnation proceeding, the appointment of a special master results from the *condemnor's* invocation of OCGA § 22-2-100 et seq. The superior court's ex parte appointment of a special master is *required*, and, although the special master's primary responsibility is to ascertain the value of the condemned property, he is authorized to hear and determine *any* relevant legal issue raised by the parties. See generally *Shoemaker v. Dept. of Transp.*, 240 Ga. 573 (241 SE2d 820) (1978). When this procedure is followed and no exceptions are taken to the special master's findings, or no regular appeal is taken from the judgment based on his award, the legal issues determined thereby are res judicata and " 'the only issue remaining is that of value. (Cits.)' [Cit.]" *Allen v. Hall County*, 156 Ga. App. 629, 631 (275 SE2d 713) (1980).

When condemnation proceedings are instituted pursuant to OCGA § 32-3-1 et seq., as were those in the instant case, the contemplated procedure is entirely different. Issues which would otherwise await resolution by the special master in OCGA § 22-2-100 et seq. proceedings are initially determined at the very outset of proceedings brought pursuant to OCGA § 32-3-1 et seq. "Upon the filing of the declaration of taking and the deposit into court . . . of the sum of money estimated in the declaration of the condemning authority to be just compensation, title to the property in fee simple absolute or such lesser interest as is specified in the declaration *shall vest* in the condemnor; the land *shall be deemed to be condemned* and taken for the use of the condemnor; and the right to just compensation for the same *shall vest* in the persons entitled there." (Emphasis supplied.) OCGA § 32-3-7 (a). "No judgment of any court and no order or ruling of the judge thereof shall be necessary to give effect to the declaration of taking . . .; but the same shall be self-executing, subject, however, to the power of the court as provided for in Code Section 32-3-11."

OCGA § 32-3-13 (a). Thus, the opportunity to contest legal issues is afforded to condemnees by OCGA § 32-3-11, which authorizes the *superior court*, rather than a special master, to set aside, vacate, and annul the declaration of taking and any title acquired thereby on certain specified grounds. OCGA § 32-3-14 provides for an appeal as to the issues of value of the property and compensation to the condemnee. In OCGA § 32-3-1 et seq. condemnation proceedings, the appointment of a special master is addressed only in OCGA § 32-3-15. That statute provides that after an appeal as to compensation has been filed, the superior court shall, *on petition of the condemnee*, appoint a special master to conduct a hearing on the issue of whether the amount paid into court by the condemnor as estimated just and adequate *compensation* is sufficient. Any award made by a special master appointed pursuant to this provision is *interlocutory* only and, pretermitting that it "shall not be subject to exceptions to any higher court and shall not be vacated or modified after 15 days" pursuant to OCGA § 32-3-15 (f), such award is merely "temporarily in effect until the jury award." *Morgan v. Dept. of Transp.*, 239 Ga. 560, 562 (238 SE2d 95) (1977). Thus, the award of a special master made pursuant to OCGA § 32-3-15 is limited in scope, relating solely as it does to the issue of compensation, and, although not vacated or modified, is not res judicata even as to that issue. "The parties must seek final redress by means of the pending appeal to the jury. [Cit.]" *Morgan v. Dept. of Transp.*, supra at 562.

Although the condemnees in the instant case had filed their notices of appeal pursuant to OCGA § 32-3-14, the order appointing a special master in the proceedings was made by the superior court acting sua sponte. This is contrary to OCGA § 32-3-15 (a), which contemplates that the *condemnee* petition for the appointment of a special master. Also, the order in the instant case resulted in the submission of all issues to the special master for resolution. This is contrary to OCGA § 32-3-15 (a) which authorizes only the submission of the issue of compensation to the special master. Moreover, the condemnees' contention that, pursuant to OCGA § 32-3-15 (f), the unvacated and unmodified award of the special master is res judicata as to all the determinations made therein, is contrary to the holding in *Morgan v. Dept. of Transp.*, supra.

The condemnees assert, however, that pursuant to OCGA § 32-3-17.1, the superior court was implicitly authorized to appoint a special master in the instant proceedings with plenary power to hear and determine all issues, in exactly the same manner as if the proceedings had been instituted pursuant to OCGA § 22-2-100 et seq. "All questions of law . . . arising from the cause, subsequent to the filing of the declaration of taking and the deposit of the fund, and subsequent to the filing of notice of appeal, if any, shall be passed on by the presid-

ing judge who may, from time to time, in term or vacation, make such orders and give such directions as are necessary to speed the cause, and as may be consistent with justice and due process of law; but no jury trial shall be had except in open court." OCGA § 32-3-17.1.

Proceedings instituted pursuant to OCGA § 22-2-100 et seq. and those instituted pursuant to OCGA § 32-3-1 et seq. are each separate and distinct special statutory proceedings and, as such, are subject to their own unique special statutory procedural provisions. See *Nodvin v. Ga. Power Co.*, 125 Ga. App. 821, 822 (2) (189 SE2d 118) (1972); *Dept. of Transp. v. Forrester*, 149 Ga. App. 647 (255 SE2d 115) (1979). To construe OCGA § 32-3-17.1 in the manner that condemnees in the instant case suggest would sanction a hybrid procedure for employment in OCGA § 32-3-1 et seq. proceedings which is not specifically authorized by any statute applicable to those proceedings.

In addition, it would appear that sanctioning the optional employment of the OCGA § 22-2-100 et seq. special master procedure in OCGA § 32-3-1 et seq. proceedings would be antithetical to the entire procedural framework which is specifically authorized by statute to be employed in the context of the latter proceedings. As noted previously, under the procedural framework applicable in OCGA § 32-3-1 et seq. proceedings, issues which might otherwise be resolved in the form of a determination by the special master and entry of judgment by the trial court are obviated unless and until the condemnee properly invokes the trial court's limited power pursuant to OCGA § 32-3-11. See generally *Coffee v. Atkinson County*, 236 Ga. 248 (223 SE2d 648) (1976). Indeed, to the extent that OCGA § 32-3-17.1 specifies that it *shall* be the *presiding judge* who passes on all questions of law, that statute more nearly evinces a legislative intent that a special master *not* be employed to resolve those issues. Had the legislature intended that a special master might be employed in OCGA § 32-3-1 et seq. proceedings to the same extent as in OCGA § 22-2-100 et seq. proceedings, it would have been a simple matter so to provide. It did not do so. The only specific provision regarding appointment of a special master in OCGA § 32-3-1 et seq. proceedings is OCGA § 32-3-15, which, as previously noted, prescribes as the purpose of such appointment the making of an interlocutory award of compensation only.

"The condemnor chooses its method of procedure, and it need not use [OCGA § 22-2-100 et seq.] unless it so desires . . . [T]he condemnor . . . is bound by the provisions of law following its own election. The property owner, of course, is also bound, although he did not choose the method of procedure, and in the absence of an attack by either upon the law itself the function of this case is simply to construe a plain and unequivocal act of the legislature in accordance with the usual laws for the construction of statutes." *Johnson v.*

*Fulton County*, 103 Ga. App. 873, 876-877 (121 SE2d 54) (1961). In the instant case, DOT did not elect to use OCGA § 22-2-100 et seq. It instituted condemnation proceedings pursuant to OCGA § 32-3-1 et seq. The condemnees were accordingly bound by the special statutory procedure applicable in OCGA § 32-3-1 et seq. proceedings. Therefore, the superior court was without authority to make a sua sponte appointment of a special master to resolve all issues in the proceedings as if they had been brought under OCGA § 22-2-100 et seq. instead. The award of the special master, if of any force at all, is solely interlocutory and without res judicata effect, even as to the issue of just and adequate compensation. *Morgan v. Dept. of Transp.*, supra. Therefore, during the course of the trial of the appeal it was not error to admit evidence concerning the extent of condemnees' leasehold interest in the condemned property over the objection that that issue was res judicata as the result of the special master's award. We need not decide whether the evidence was otherwise admissible or inadmissible in the context of the instant appeal conducted pursuant to OCGA § 32-3-16. See *Dept. of Transp. v. McLaughlin*, 163 Ga. App. 1 (292 SE2d 435) (1982). The sole objection raised was predicated upon the previous special master's award. We have found that objection to be without merit and, if for any other reason the evidence was not admissible, a proper objection should have been raised.

2. Condemnees enumerate the trial court's refusal to grant their motion for mistrial. The basis of the condemnees' motion was an alleged prejudicial comment made by counsel for DOT. The comment was not addressed to the jury directly, but was made in the context of a relevancy objection to the line of questioning which was being pursued during the direct examination of one of the condemnees. After a motion for mistrial was made, a lengthy discussion took place outside the presence of the jury, during which DOT's counsel denominated his contested comment as an "inadvertent statement" on his part. The trial court concluded that the comment was "improper" but, under the circumstances, also determined that it would be "best that the Court not call [the jury's] attention to it. We are just going to ignore the matter unless it's brought forward, or some other matter is brought before the Court." Condemnees gave no indication that they did not acquiesce in this resolution of any issue created by the inadvertent comment, the jury returned, and the trial proceeded without further incident in this regard.

We find no reversible error in the trial court's denial of the motion for mistrial or in its unchallenged determination that, under the circumstances, curative instructions would have a more prejudicial effect on, than they would be of ameliorative value to, the condemnees. See generally *Hicks v. State*, 160 Ga. App. 893 (1) (288 SE2d 604) (1982).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED APRIL 12, 1984 —
REHEARING DENIED MAY 3, 1984 —

*Richard N. Hubert, Stephen M. Dorvee,* for appellants.
*Abraham A. Sharony, Special Assistant Attorney General, Charles C. Pritchard, Assistant Attorney General,* for appellee.