## A89A1024. CENTRAL OF GEORGIA RAILROAD COMPANY v. SWINDLE.
### (389 SE2d 779)

CARLEY, Chief Judge.

Seeking damages under the Federal Employer's Liability Act (FELA), appellee-plaintiff brought suit against appellant-defendant. The case was tried before a jury and a verdict in appellee's favor was returned. Appellant appeals from the judgment that was entered on this verdict and from the denial of its motion for new trial.

1. Appellant enumerates as error the refusal of the trial court to grant a new trial on the ground that the jury's verdict is excessive.

" '[D]amages recoverable under the FELA on account of a railroad employee suffering injury or death on the job are compensatory only and . . . punitive damages are not recoverable. (Cit.) However, the jury's determination of the amount of damages to be awarded is otherwise inviolate, "absent an award so excessive or inadequate as to shock the judicial conscience and raise an irresistible inference that passion, prejudice or another improper cause invaded the trial. . . . (Cits.)" [Cit.]' " *CSX Transp. v. Darling*, 189 Ga. App. 719, 721 (1) (377 SE2d 217) (1988). " 'A verdict in one of that class of cases in which the amount of damages is left to the enlightened conscience of [a fair and impartial] jury is not to be declared by a reviewing court to be excessive, unless it is so large in amount as to justify the court in believing that it could not reasonably have resulted from any other cause than bias or gross mistake on the part of the jury.' [Cit.] . . . '[This bias or mistake is usually] a matter of inference; and in that event . . . [its existence] falls within the rule as to circumstantial evidence, — there must be no reasonable hypothesis other than that the bias or the mistake did exist.' . . . The presumption is that the jurors

were impartial and understood their case. It is, therefore, a more 'reasonable hypothesis' that their finding was based on the evidence considered impartially. . . . [Cits.]" *Realty Bond & Mtg. Co. v. Harley*, 19 Ga. App. 186, 189 (2) (91 SE 254) (1917). "An excessive or inadequate verdict constitutes a mistake of fact rather than of law. It addresses itself to the discretion of the trial judge who saw the witnesses and heard the testimony. This court is a court for the correction of errors of law only, and this court's jurisdiction is confined to the question of whether the trial court abused [its] discretion in overruling the motion for a new trial on this ground. [Cits.] In the present case, where the evidence most favorable to the plaintiff shows painful and permanent injuries . . . , it cannot be said that the verdict is excessive as a matter of law." *St. Paul Fire &c. Ins. Co. v. Dillingham*, 112 Ga. App. 422, 425 (145 SE2d 624) (1965). The trial court did not err in failing to grant a new trial on the ground that the verdict is excessive.

2. Appellant made a pre-trial motion in limine to exclude "any suggestion that damages should be awarded in this case for the purpose of punishing [appellant] or for the purpose of setting an example in order to influence conduct in the future." The trial court granted the motion. Appellant makes no contention on appeal that the trial court subsequently erred by allowing appellee to make an opening statement or to introduce evidence in the course of the trial which violated the grant of the pre-trial motion in limine. Appellant urges only that the trial court erred by allowing appellee's counsel to engage in a closing argument which violated the grant of that motion in limine.

No objection was made in the trial court to any portion of the closing argument of appellee's counsel. There is some question whether the grant of a *pre-trial* motion in limine obviates compliance with the requirement that an objection must otherwise be raised in the trial court so as to secure appellate review of allegedly improper *closing argument*. See *Ralston v. State*, 170 Ga. App. 389 (317 SE2d 221) (1984). However, assuming without deciding that, by virtue of the grant of appellant's pre-trial motion in limine, no objection to the closing argument of appellee's counsel was necessary, we find no error. Although isolated portions of that closing argument are susceptible of being construed as exhortations to punish appellant and may have come very close to violating the tenor of the pre-trial motion in limine, when they are considered in the context of the entirety of the otherwise uncontested evidence of record, those portions would appear to be zealous attacks upon appellant's defense of the action and passionate appeals on appellee's behalf which fell just short of impermissible argument. " 'What the law forbids is the introduction into a case, by way of argument, of facts not in the record and calculated to

prejudice. . . .' . . . 'Flights of oratory and false logic do not call for mistrials or rebuke. It is the introduction of facts not in evidence that requires the application of such remedies.' . . . '[W]hat has transpired in a case from its inception to its conclusion, and the conduct of the party or his counsel with respect to the case is the subject of legitimate comment.' . . . 'While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence; and the fact that the deductions may be illogical, unreasonable, or even absurd, is a matter for reply by adverse counsel, and not for rebuke by the court.' [Cits.]" *Miller v. Coleman*, 213 Ga. 125, 130 (6) (97 SE2d 313) (1957).

3. Appellant urges that, over its objection, appellee's wife was erroneously allowed to testify. as to how appellee's injuries had damaged her and her family.

The record does not support appellant's characterization of the testimony of appellee's wife. Instead, the record shows that she testified as to how *appellee's* home life had been affected by his injuries. "A nonexpert may give testimony as to the effect of the plaintiff's injuries on [his] capacity to perform certain activities, provided such testimony is based on [the witness'] personal observation of the plaintiff's physical condition and capacity both prior and subsequently to the alleged injuries. [Cit.]" *Brewer v. Henson*, 96 Ga. App. 501, 502 (2) (100 SE2d 661) (1957). Naturally, the testimony of appellee's wife tangentially touched upon how the other members of his family had responded to his post-injury condition, but her testimony did not, as appellant suggests, erroneously relate to how those other family members had themselves been damaged by appellee's injuries. The trial court did not err in overruling appellant's objection to the testimony.

4. Over appellant's hearsay objection, the trial court allowed a physician to testify as to what another physician had "found" when that other physician had performed surgery on appellee. The trial court erred. Clearly, whatever the other physician had "found" upon performing surgery on appellee was hearsay as to the testifying physician. See *Heard v. Heard*, 99 Ga. App. 864 (2) (110 SE2d 76) (1959). The error was, however, harmless. The physician who had performed the surgery subsequently testified and gave his own version of what he had "found" during that medical procedure. "[O]ther legally admissible evidence of the same facts renders harmless admission of the incompetent evidence. [Cit.]" *Williams v. State*, 144 Ga. App. 130, 133 (2) (240 SE2d 890) (1977).

5. Immediately prior to closing argument, appellant made another motion in limine, seeking to preclude appellee's counsel from referring in his closing argument to certain evidence which had been adduced during the trial. Appellant enumerates as error the denial of this pre-argument motion in limine.

Assuming without deciding that a pre-argument motion in limine is a proper procedural device to secure a ruling on the permissible ambit of closing argument (compare *Ralston v. State*, supra), we find no error in the denial of appellant's pre-argument motion in limine. Appellant does not otherwise enumerate as error the admission of the evidence that was addressed by its pre-argument motion in limine. Since there is no contention that that evidence was erroneously admitted, it follows that it was not error to refuse to preclude appellee's counsel from making reference to it in his closing argument. " 'What the law forbids is the introduction into a case, by way of argument, of facts not in the record and calculated to prejudice. . . .' . . . '[W]hat has transpired in a case from its inception to its conclusion, and the conduct of the party or his counsel with respect to the case is the subject of legitimate comment.' " *Miller v. Coleman*, supra at 130 (6).

*Judgment affirmed. McMurray P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED DECEMBER 4, 1989 —
REHEARING DENIED DECEMBER 19, 1989 —

*Hatcher, Stubbs, Land & Hollis, Richard Y. Bradley, Robert C. Martin, Jr.*, for appellant.

*Butler & McDonald, James E. Butler, Jr., C. Frederick Overby*, for appellee.

