## A90A0741. MOSS v. HALL COUNTY BOARD OF COMMISSIONERS.
### (397 SE2d 493)

McMURRAY, Presiding Judge.

This condemnation proceeding involves the taking of a portion of certain real property for development of a public road. The procedure utilized by the condemnor, while not in complete conformity with either the special master method or the declaration of taking method, is not the subject of any issue raised on appeal. Condemnor Board of Commissioners of Hall County, Georgia, deposited $12,900, with the trial court, as estimated just compensation. Condemnee Moss answered and demanded a hearing before a special master to determine just and adequate compensation. The special master awarded $23,113.43. Both parties appealed the special master's award and a jury trial resulted in a verdict awarding $12,900. Condemnee Moss appeals. *Held*:

One of the issues at trial was the amount of consequential damages to the portion of the tract remaining in the ownership of condemnee after the taking. Condemnee presented evidence that under a strict application of the set-back requirements, contained in the relevant building and zoning ordinances, the remaining tract suffered a reduction of permissible building area that was disproportionately greater than the taking and that this reduction of building area adversely affected the value of the remainder.

In rebuttal, condemnor was permitted, over condemnee's objection as to relevance, to present evidence with respect to the action of the Hall County Board of Zoning Appeals in granting set-back variances in four instances where the request for variance arose from hardships caused by a taking of a portion of a tract for a road improvement object. All of the four instances were recent and two were on the same street as condemnee's property. The admission of this evidence is enumerated as error.

Condemnor contends that the evidence was properly admitted under *Civils v. Fulton County*, 108 Ga. App. 793 (134 SE2d 453), to show that there was a possibility of an exception to the zoning restrictions sufficient to appreciably influence the market value of the re-

maining property. See also *Atlanta Warehouses v. Housing Auth. of Atlanta*, 143 Ga. App. 588, 592 (239 SE2d 387), and *Klumok v. State Hwy. Dept.*, 119 Ga. App. 505 (167 SE2d 722). However, the *Civils v. Fulton County*, 108 Ga. App. 793, supra, decision is limited by the admonition that any evidence admitted to shed light on the value of the property, such as that showing a possible exception to zoning regulations, must not be remote or speculative. Condemnee contends that evidence of specific variances under the zoning law should be excluded as remote and speculative. "Evidence which logically tends to prove or disprove a material fact in issue is relevant. Every act or circumstance serving to elucidate or throw light upon the issue is relevant and admissible. *Dept. of Transp. v. Lewyn*, 168 Ga. App. 283, 286 (3) (308 SE2d 684) (1983). Furthermore, even where the relevancy of evidence is doubtful, it should be admitted and its weight determined by the jury. *Carver v. Jones*, 166 Ga. App. 197, 198 (2) (303 SE2d 529) (1983)." *Schroeder v. Hunter Douglas, Inc.*, 172 Ga. App. 897, 900 (6) (324 SE2d 746). We do not view the evidence at issue in the case sub judice as lacking in probative value on the issue of the value of the property, therefore it was properly admitted. *Rosenthal v. Hudson*, 183 Ga. App. 712 (2) (360 SE2d 15).

*Judgment affirmed. Sognier, J., concurs. Carley, C. J., concurs specially.*

CARLEY, Chief Judge, concurring specially.

I do not dissent to the majority's affirmance of the judgment in this case. I am, however, compelled to write separately. As the facts set forth in the majority opinion suggest, there is some confusion as to whether the instant condemnation case is one wherein it was the special master method or the declaration of taking method that was employed. I believe that it is necessary to explain *why* this confusion exists in the instant case so as to decrease the likelihood of its reoccurrence in future condemnation cases.

"Proceedings instituted pursuant to OCGA § 22-2-100 et seq. [, the special master method,] and those instituted pursuant to OCGA § 32-3-1 et seq. [, the declaration of taking method,] are each *separate and distinct special statutory proceedings and, as such, are subject to their own unique special statutory procedural provisions.* [Cits.]" (Emphasis supplied.) *Stephens v. Dept. of Transp.*, 170 Ga. App. 784, 788 (1) (318 SE2d 167) (1984). The confusion that exists as to which of these two "separate and distinct" methods was employed in the instant case results from the fact that appellee-Condemnor, for some inexplicable reason, simultaneously invoked *both* methods as against appellant-Condemnee's property. Condemnor not only filed a petition requesting the appointment of a special master, *but also* filed a declaration of taking which was accompanied by the payment into

court of estimated just and adequate compensation. The special master method makes *no* provision for a condemnor to file a declaration of taking accompanied by the payment into court of estimated just and adequate compensation, and the declaration of taking method makes *no* provision for a condemnor to request the appointment of a special master. See *Stephens v. Dept. of Transp.* supra at 785 (1). The record in the instant case further reflects that, after Condemnor's simultaneous invocation of the two entirely "separate and distinct" methods of condemnation, the two entirely "separate and distinct" condemnation procedures were erroneously intermingled throughout the pendency of the proceedings. The trial court, Condemnor and Condemnee would, on occasion, invoke those "unique special statutory procedural provisions" applicable *only* to the special master method and would, on other occasions, invoke those "unique special statutory procedural provisions" applicable *only* to the declaration of taking method. Such a "hybrid" procedure is not only totally unauthorized in the trial court, but it also leaves an appellate court in a quandary as to how to analyze and to dispose of the appeal of a case wherein it has been followed.

For example, the proper disposition of the instant case is dependent upon whether it is analyzed from the perspective of the "special statutory procedural provisions" applicable to the special master method or from the perspective of those applicable to the declaration of taking method. If Condemnor's petition requesting the appointment of a special master is ignored and this case is treated as one wherein the declaration of taking method was employed, then a summary affirmance without addressing the merits would be the proper disposition. Under that analysis, Condemnee's enumeration of an evidentiary ruling occurring at trial would be clearly harmless since the record shows that *no* trial should have ever been held because Condemnee failed to file a timely notice of appeal within 30 days after the date of service. See OCGA § 32-3-14; *Department of Transp. v. Rudeseal,* 156 Ga. App. 712 (276 SE2d 52) (1980). It is only because Condemnee did file a timely notice of appeal from the award of the special master that his right to trial was arguably preserved. See OCGA § 22-2-112. Accordingly, we are authorized to reach the merits of the instant case *only* by ignoring the Condemnor's declaration of taking and by treating this as a condemnation case wherein the special master method was employed.

I can ultimately agree to ignore the declaration of taking rather than the special master petition only because a disposition of the instant case by summary affirmance rather than on the merits would, in effect, punish Condemnee for Condemnor's multifarious pleading. Accordingly, although I can agree with the majority that Condemnor should prevail on the merits, it is my hope that the unauthorized in-

vocation in the instant case of two "separate and distinct" methods of condemnation will *not* be repeated in the future.

DECIDED SEPTEMBER 26, 1990.

*Thompson, Fox & Chandler, Robert B. Thompson*, for appellant.
*Hulsey, Oliver & Mahar, Joseph D. Cooley III*, for appellee.