699 So.2d 299 (1997)
Tyrone D. COFFEE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00728.
District Court of Appeal of Florida, Second District.
September 17, 1997.
Pedro G. Velez, Jr., Tampa, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for appellee.
PARKER, Chief Judge.
Tyrone D. Coffee appeals the judgment adjudicating him guilty of possession of cocaine and delivery of cocaine, arguing that the trial court erred in denying his motion to disqualify and in allowing the improper admission of evidence. We affirm on Coffee's first issue without discussion. Although we also affirm on the second issue, we discuss that issue because it has not been addressed by any appellate court in Florida.
Coffee's charges arose from a hand-to-hand, street-level drug transaction in which Detective Andrell acted in an undercover capacity. Coffee filed a pretrial motion in limine to exclude any testimony from any law enforcement officer that would indicate that he or she knew Coffee due to prior contacts or prior violations of the law. The trial court granted the motion, in part, limiting the officers' testimony to the fact that Coffee had been identified from a photograph. Thereafter, Detective Wilson testified at trial that he viewed a videotape of the drug transaction provided to him by Detective Andrell and recognized Coffee as someone he knew from *300 around the neighborhood. Coffee did not object to Detective Wilson's testimony.
The question this court must decide is whether Coffee was required to object to Detective Wilson's testimony, presented in violation of the order in limine, in order to preserve the alleged error for appellate review. There is no case law in Florida that addresses this precise issue.
The general rule is that a motion in limine is not sufficient to preserve the alleged error for appellate review in the absence of a further contemporaneous objection when the evidence is offered. See Rindfleisch v. Carnival Cruise Lines, Inc., 498 So.2d 488 (Fla. 3d DCA 1986), review denied, 508 So.2d 15 (Fla.1987); see also Esty v. State, 642 So.2d 1074, 1078 (Fla.), cert. denied, 514 U.S. 1027, 115 S.Ct. 1380, 131 L.Ed.2d 234 (1995); Correll v. State, 523 So.2d 562, 566 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988); Madsen, Sapp, Mena, Rodriguez & Co., P.A. v. Leaman, 686 So.2d 780, 782 (Fla. 4th DCA 1997).
However, the general rule is not directly applicable here because the rule contemplates a situation in which the motion in limine was denied and the subject evidence was introduced at trial. In this case, Coffee's motion in limine was granted and Detective Wilson's testimony violated the order in limine.
This issue has been discussed in other states. In State v. Moncla, 262 Kan. 58, 936 P.2d 727, 735 (1997), the Kansas Supreme Court confronted this issue and stated:
If a motion in limine is granted to preclude the introduction of certain evidence during trial, and the party in whose favor the ruling has been made fails to object to evidence introduced in violation of the order in limine, the failure to object results in the issue not being preserved on appeal.
Texas courts have also concluded that a violation of an order in limine will not be preserved for appeal unless a contemporaneous objection is made. See Hernandez v. State, 914 S.W.2d 218, 226 (Tex.App.1996); Siegel v. State, 814 S.W.2d 404, 407 (Tex.App.1991).
In contrast, Georgia has taken the opposite view. In Reno v. Reno, 249 Ga. 855, 295 S.E.2d 94, 95 (1982), the Georgia Supreme Court stated:
The issue before this Court therefore is whether, after a motion in limine to exclude certain evidence is granted, the movant must object to a subsequent offer of evidence allegedly encompassed by the preliminary ruling in order to preserve the alleged error for appellate review. For the following reasons, we conclude that the answer is no.
The Reno court reasoned that:
[To] require the successful movant to object when evidence encompassed by the motion in limine is nevertheless offered at trial, would defeat the purpose of the motion in limine, as the movant would be forced, in the presence of the jury to call special attention to prejudicial evidence which the trial court had previously ordered to be excluded from the jury's consideration.
Id. at 96.
We reject the Reno court's analysis. Prior to Reno, the Georgia courts applied the same analysis to situations in which the motion in limine was denied and established Georgia's general rule that, in order to seek appellate review, the movant is not required to renew his objection when the subject evidence is submitted at trial. See Harley-Davidson Motor Co. v. Daniel, 244 Ga. 284, 260 S.E.2d 20 (1979). This is contrary to Florida's general rule, as stated above, where a contemporaneous objection must be raised to preserve the alleged error even after a motion in limine has been denied. See Rindfleisch, 498 So.2d at 492.
Florida's general rule for motions in limine is a product of an adherence to the principles of the contemporaneous objection rule. The contemporaneous objection rule is "intended to give trial judges an opportunity to address objections made by counsel in trial proceedings and correct errors." State v. Rhoden, 448 So.2d 1013, 1016 (Fla.1984). The contemporaneous objection rule also prohibits counsel from intentionally allowing errors to go uncorrected as a trial tactic. Id.
*301 Both Kansas and Texas follow the rationale of the contemporaneous objection rule and have applied it in dealing with motions in limine. See generally State v. Synoracki, 253 Kan. 59, 853 P.2d 24 (1993); Willis v. State, 785 S.W.2d 378 (Tex.Crim.App.), cert. denied, 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 234 (1990). Therefore, to maintain consistency with Florida's prior rulings on motions in limine, we align this court with the courts of Kansas and Texas and conclude that where a party makes a successful motion in limine, but then fails to make a contemporaneous objection to evidence submitted in violation of the order in limine, the alleged error will not be preserved for appellate review.
Because Coffee did not make a contemporaneous objection to Detective Wilson's testimony, the issue has not been preserved for review.
Affirmed.
PATTERSON and FULMER, JJ., concur.