A97A2470. SHABAZZ v. THE STATE.
(494 SE2d 257)

BLACKBURN, Judge.

Asmar Shabazz appeals his conviction for possession of cocaine with intent to distribute, contending the evidence was insufficient to support the verdict. He also claims the trial court erred in denying his motion for mistrial following testimony regarding the circumstances surrounding his arrest. For the reasons set forth below, we affirm.

1. Shabazz contends the evidence was insufficient to show that the cocaine in question belonged to him. "On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant (defendant here) no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jack-*

*son v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) *Patterson v. State*, 225 Ga. App. 515 (484 SE2d 317) (1997).

David Perry, an investigator with the Albany/Dougherty County Drug Unit, testified that, while he and two other officers were involved in a sting operation, he saw Shabazz and another individual walking together. As there was an outstanding arrest warrant for Shabazz, the officers pulled their car over and Perry told Shabazz to stop. Perry testified that Shabazz threw something away with his right hand and then said "I don't have anything." Another officer went to the spot where Shabazz threw the item and found what appeared to be a large chunk of rock cocaine, approximately two and one-quarter inches long, wrapped in plastic. Perry testified that there was nothing else in the area but rocks and dirt. Shabazz stipulated at trial that the substance found was in fact cocaine.

Perry testified that the amount of cocaine indicated an intent to distribute. He testified that the cocaine weighed 5.2 grams, enough to make several rocks of cocaine with a street value of $520. He testified that individuals who possess cocaine for their own use usually have no more than two or three rocks, worth $20 per rock.

Viewed in the light most favorable to the verdict, the evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that Shabazz was guilty of possession of cocaine with intent to distribute. See *Hayes v. State*, 203 Ga. App. 409, 410 (417 SE2d 45) (1992); *Davis v. State*, 200 Ga. App. 44 (406 SE2d 555) (1991).

2. Shabazz contends the State violated an order in limine and impermissibly placed his character into evidence by presenting testimony that he was arrested on an outstanding drug warrant. Before the start of trial, Shabazz moved to prevent the State's witnesses from testifying that the outstanding arrest warrant related to drug charges. The court granted the motion, instructing the State merely to indicate that "he was arrested because they had an outstanding warrant for him," without referring to the specific charges. Shabazz's attorney and the prosecutor agreed to this procedure.

During the trial, while describing the circumstances surrounding Shabazz's arrest, Officer Perry testified that "we all identified him as Asmar Shabazz and we knew we had an outstanding warrant for his arrest." Shabazz's attorney moved for a mistrial, claiming that Perry's use of the word "we" violated the ruling in limine by insinuating that the outstanding warrant was a drug squad warrant. The

trial court denied the motion, and Shabazz appeals this ruling.

A trial court's ruling on a motion for mistrial will not be disturbed on appeal absent an abuse of discretion. See *Muzquiz v. State*, 260 Ga. 547, 548 (5) (b) (397 SE2d 703) (1991). Under the above facts, the trial court did not abuse its discretion in denying Shabazz's motion for mistrial. Perry's use of the word "we" did not violate the trial court's order or impermissibly place Shabazz's character into evidence. As the court indicated in denying the motion, Perry did not state that the warrant was a drug squad warrant or discuss the charges contained therein. Accordingly, the trial court did not abuse its discretion in refusing to grant a mistrial. See generally *Hicks v. State*, 160 Ga. App. 893, 894 (1) (288 SE2d 604) (1982).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 18, 1997.

*John L. Tracy*, for appellant.

*Kenneth B. Hodges III, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.

