## A99A0741. SHEPARD v. THE STATE.
### (516 SE2d 568)

Judge Harold R. Banke.

Zarex Shepard was convicted of criminal attempt to commit robbery by intimidation and of giving a false name to a law enforcement officer. Following the denial of his motion for new trial on general grounds, he appeals. He challenges the sufficiency of the evidence to support his conviction of criminal attempt to commit robbery.

The State's evidence showed the following. While the victim was working as cashier at an Amoco station, Shepard and his co-indictee Page appeared at the store one night. Page stationed himself at the front door while Shepard approached the checkout counter and demanded 50 cartons of cigarettes. When the victim inquired as to the mode of payment, Shepard did not respond to the question but began to curse and demand that he put the cigarettes in a bag. Although he put ten cartons of cigarettes in a bag, he refused to give the bag to Shepard until he paid.

As this was taking place, two other customers came into the store. When the first appeared, Shepard told her to go ahead of him. She realized something was amiss and, after leaving the store, called the police. Page attempted to prevent the next customer from entering the store by telling him it was closed, but this customer entered through another door, bought some cigarettes, and then left.

After continuing in his unsuccessful effort to have the cashier give him the cigarettes, Shepard said he was leaving but would return. He proceeded into the parking lot and appeared to retrieve an item from the trunk of his car. He then reentered the store, grabbed his waistband, and told the cashier "I have something for you." Believing that Shepard had a gun, the cashier retrieved a weapon from under the counter whereupon Shepard fled the scene. He and Page were quickly apprehended by the police and positively identi-

fied by the cashier and the first customer.

Shepard's evidentiary challenge is predicated on testimony given by himself and Page denying any plan or intent to rob the store.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant [Shepard] no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Conflicts in the testimony of the witnesses, including the State's witnesses, (are) a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." [Cit.]

*Shabazz v. State*, 229 Ga. App. 465-466 (1) (494 SE2d 257) (1997).

In light of these principles, we find that the evidence was sufficient to support Shepard's convictions for both offenses.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 21, 1999.

*Lee Sexton & Associates, Robert L. Ferguson*, for appellant.

*Robert E. Keller, District Attorney, Bonnie K. Smith, Assistant District Attorney*, for appellee.