### 53632. SHEFFIELD v. COTTON STATES MUTUAL INSURANCE COMPANY.

McMURRAY, Judge.

Mrs. Quilla Sheffield, wife of Scott Sheffield, was insured under an automobile insurance policy with Cotton States Mutual Insurance Company on the date of her death resulting from an automobile incident. She held coverage known as personal injury protection pursuant to the Georgia Motor Vehicle Accident Reparations Act (Ga. L. 1974, pp. 113, 116; 1975, pp. 1202, 1204; Code Ann. § 56-3403b; see also Code Ann. § 56-3404b, Ga.L. 1974, pp. 113, 117; 1975, pp. 3, 4; 1975, pp. 1202, 1206).

Mrs. Sheffield had a long history of employment but at the time of her death was not employed, although she

intended to return to work at an early date.

Demand was made by Scott Sheffield for payment under the policy in which he contended that he was entitled to the full amount of coverage ($15,000) under the optional coverage plan for 85% of the loss of income or earnings "during disability" of his deceased wife. Sheffield contended that the decedent having a long employment history and who intended to return to work shortly after the incident causing her death, although she was not actually employed at the date of death, established full coverage.

Cotton States Mutual Insurance Company brought a petition for declaratory judgment naming Scott Sheffield as defendant due to the doubt created as to whether to pay the asserted claim, contending it was forced to elect a course of action at its peril which would likely subject it to damages for which it would have no legal recourse unless the court directed it and declared the rights and obligations of the parties. It contends the defendant's decedent was not engaged in fulfilling a contract of employment at the time of her death and prayed that the claim of defendant be declared not valid as having no applicable coverage.

A hearing was held based upon a stipulation of facts that the defendant was a surviving husband and sole heir at law of the deceased; that she was not employed at the time of death, but had a long employment history and intended to return to work on or about January 1976, prevented by the automobile incident on July 9, 1975, which took her life. The stipulation of facts was made a part of the findings of fact by the court and it also set forth the reasons for her resignation on September 13, 1974, and the amount of her minimal salary she could expect when she returned to employment, including the amount of her pension upon eventual retirement. It was further stipulated that the plaintiff afforded defendant's wife $15,000 in aggregate protection under the optional coverage plan of the no-fault insurance Act. See Code Ann. § 56-3404b, supra. The conclusions of law by the court were that Code Ann. § 56-3404b (a) (1), supra, provides that 85% of the loss of income or earnings during disability shall be payable after death as though the deceased were

alive but totally disabled, but by applying the law to the facts as found in the stipulation, as a matter of law, "there were no lost income or earnings within the definition..." and "...as a matter of law the Defendant in this case would have no claim against the plaintiff for economic loss within the meaning of these statutes." Having found the deceased was unemployed and receiving no income or earnings at the time of her death, judgment was rendered for the plaintiff and against the defendant, barring him from the further assertion of any claim against the plaintiff for alleged loss of income or earnings under the policy. The defendant appeals. *Held:*

Where the language of a statute consists of common, ordinary words, and there is nothing to show that any unusual meaning is to be attached thereto, the court cannot deny the language its ordinary, usual signification; nor is the court required to give the language a forced and strained interpretation. *Standard Steel Works Co. v. Williams,* 155 Ga. 177, 181 (116 SE 636). The defendant cites many cases in support of its argument that the court erred in barring his claim for the loss of income or loss of earnings of his deceased wife under the insurance coverage. However, we are concerned here with the words of the statute alone. These cited cases are in no way analogous to the question presented on this appeal, and the statute is clear that the coverage granted her was "85 per cent. of the loss of income or earnings during disability (in this instance, death)." The lower court did not err in holding that there was no survivor's benefit coverage under Code Ann. § 56-3404b (a) (1), supra.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED MARCH 1, 1977 — DECIDED APRIL 6, 1977.

*H. Lehman Franklin, Jr.,* for appellant.
*Ross & Finch, I. J. Parkerson,* for appellee.