## 54098. VANSANT v. ALLSTATE INSURANCE COMPANY.

WEBB, Judge.

This appeal requires us to construe, for the first time, whether or not retirement income is "income or earnings" as contemplated by the "no-fault" provisions of the Georgia Motor Vehicle Accident Reparations Act (Ga. L. 1974, pp. 113, 116, as amended; Code Ann. § 56-3403b).

Ida P. Vansant, the surviving spouse of Robert L. Vansant, who was killed as a result of an auto-mobile-pedestrian accident involving an automobile insured by Allstate, filed an action seeking benefits under the driver's insurance policy for the loss of income or earnings under Code Ann. § 56-3403b (b) (2) and (4). At the time of his death Vansant was a retired federal employee receiving $13,167 a year, or $253.21 a week, from the Civil Service Retirement Fund. Immediately after his death, and as a direct result thereof, Mrs.

Vansant began receiving only $111.69 a week, a loss to her of $141.52 a week from the fund.

Code Ann. § 56-3403b requires the owner of every registered vehicle to carry insurance coverage which provides "(b) compensation to insured injured persons, without regard to fault, up to an aggregate minimum limit of $5,000 per insured injured person for: . . .

"(2) 85 per cent. of the loss of income or earnings during disability with a maximum benefit of $200 per week; and

"(3) expenses, not to exceed $20 per day, reasonably incurred during a period of disability in obtaining ordinary and necessary services from others, excluding members of the injured person's household, in lieu of services that, had he or she not been injured, the injured person would have performed, not for income but for the benefit of his or her household; and

"(4) funeral services and burial expenses not to exceed $1,500 per person.

"In the event of the death of the injured person, survived by a spouse or dependent child or children, compensation under paragraphs (b) (2) and (b) (3) above shall be payable after such death as though the deceased were alive but totally disabled, such payment to be made to the spouse, if alive, otherwise to the child or children or the person having legal custody of any child or children, for use of such spouse or children as though awarded as a year's support for the spouse or children, or both. Survivor's benefits shall be payable until exhausted, at least monthly.

"The total benefits required to be paid under this section without regard to fault as the result of any one accident shall not exceed the sum of $5,000 per each individual covered as an insured person or such greater amount of coverage as has been purchased on an optional basis as provided elsewhere in this Chapter, regardless of the number of insurers providing such benefits or of the number of policies providing such coverage."

Allstate compensated Mrs. Vansant for funeral benefits in the amount of $1,530 under the above quoted provisions, but refused her claim for payment of 85 percent of the loss of her husband's income from the

remaining $3,470. Citing no authorities, the trial court interpreted the term "loss of income or earnings during disability" to apply only during disability *of the decedent* and as a result of the fatal incident, and denied recovery.

While we agree with the conclusion of the trial court that "the statutory scheme [of the no-fault provisions] was to provide a means whereby direct payment, independent of common law liability, might be effected to parties directly, without the necessity of a formal administration," we do not concur with his holding that there was no loss of earnings or income here. "In all [statutory] interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy. . ." Code § 102-102 (9). We think that the clear intent and purpose of this statute is to provide for a surviving spouse after the death of the injured spouse as if the deceased were totally disabled. Since death is recognized as the equivalent of total disability, the loss of part of a pension, annuity or delayed earnings should likewise be compensated "as though awarded as a year's support" for the benefit of the surviving beneficiaries.

Nor do we agree with Allstate's argument that the language in Code Ann. § 56-3403b (b) (4), that compensation shall be payable after death "as though the deceased were alive but totally disabled," requires the loss of income to be calculated upon the premise that the deceased is still alive but precluded by injury from earning wages. "It is a well-established principle that a statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part." *Houston v. Lowes of Savannah,* 235 Ga. 201, 203 (219 SE2d 115) (1975). Thus we note that Code Ann. § 56-3402b (d) (2) defines the term "disability" as the period of time during which the injured person is unable to "Engage in his principal activity if such person is not employed on at least a full-time basis." There is no requirement that he be employed, or even that his "principal activity" be remunerative. Also, subsection (k) of § 3402b recites that " 'Economic loss' means pecuniary loss of the kind described in section 56-3403b, subsection (b)," which expressly uses the words "income" and

"earnings" conjunctively and synonymously, thereby clearly implying that it makes no difference whether the individual prior to the fatal injury was earning wages or had another source of income, so long as his estate suffered a loss of income as a result of the injury.[1]

Reading the statute as a whole we are therefore compelled to conclude that the General Assembly intended to draft it for the benefit of survivors, with no distinctions as to whether a person who died as a result of the injury was employed or not; and that "income or earnings" includes delayed earnings such as pensions or annuities under the statutory scheme. We therefore hold that the no-fault benefits remaining after payment of funeral and other expenses should have been turned over to Mrs. Vansant as surviving spouse. Accordingly, the grant of summary judgment to Allstate was in error.

*Judgment reversed. Deen, P. J., and Marshall, J., concur.*

ARGUED JUNE 7, 1977 — DECIDED JUNE 13, 1977 — REHEARING DENIED JUNE 29, 1977 —

*Marion A. Sams,* for appellant.
*Henning, Chambers & Mabry, Peter K. Kintz, Rex P. Smith,* for appellee.

---

[1] Compare *Sheffield v. Cotton States Mut. Ins. Co.,* 141 Ga. App. 861, where the deceased was temporarily unemployed and receiving *no* income or earnings at the time of her death.