54854. BOYD et al. v. MASLIA et al.

BANKE, Judge.

Summary judgment was entered against the appellants for principal, interest, and attorney fees after default on a note accompanying a secondary purchase money security deed to the seller. On appeal the appellants allege that the note was usurious. The appellees have filed a motion for damages for frivolous appeal pursuant to Code § 6-1801.

The evidence shows that on October 5, 1972, the appellant, Boyd Brothers Assoc., Inc., executed a note to Metro Development Corp. for $22,900 payable monthly over 20 years and bearing interest at 9.25 percent per year. Appellant Frank A. Boyd signed the note as president of the corporation and as an individual endorser. The note was transferred to the appellees, East Valley Apartments (a partnership), on January 1, 1976.

1. Code Ann. § 57-118 permits profit corporations to agree in writing to pay rates of interest on loans in excess of the maximum interest rates regularly allowed under the usury laws. The statute further provides that corporations so agreeing are prohibited from later raising the defense of usury in order to avoid payment of the loan. Inasmuch as the appellant (maker) here is a profit corporation, this transaction is governed by Code Ann. § 57-118, and the trial judge did not err in entering summary judgment for the appellees (payee).

Contrary to the assertions of the appellants, this transaction is not governed by Code Ann. § 57-201, etc.

Code Ann. § 57-201 applies only when the secondary security deed, mortgage, or other security instrument securing a loan is executed by an *individual or individuals.* In addition, the property involved must be residential real estate with four or less family dwelling units constructed thereon. A corporation, although a legal entity, is not an individual within the meaning of the statute. Accord, Pindar, Ga. Real Estate Law and Procedure § 26-159 (1971). See generally Ga. L. 1966, p. 574 (preamble); *Sheffield v. Cotton States Mut. Ins. Co.,* 141 Ga. App. 861, 863 (234 SE2d 695) (1977) (construction of statutory language, general principles).

2. We decline to grant the appellee's motion for damages under Code § 6-1801. Code Ann. § 57-201 is so confusingly written that it is difficult even for those well-versed in the law to parse its provisions; and were it not for the limitations on applicability contained in the statute itself, the legal arguments put forth by appellants on appeal would certainly have merited the court's attention.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED NOVEMBER 8, 1977 — DECIDED FEBRUARY 3, 1978.

*Frank A. Boyd,* for appellant.
*Worozbyt & Nodvin, Marvin P. Nodvin,* for appellees.