## 56552. PHILLIPS v. AETNA CASUALTY & SURETY DIVISION.

BANKE, Judge.

The appellant, James A. Phillips, Jr., appeals the trial court's grant of partial summary judgment to the appellee, Aetna Casualty & Surety Division, in his suit for benefits under Code Ann. § 56-3403b (b) (2) of the Georgia Motor Vehicle Accident Reparations Act. The sole issue in this case is whether the appellant was an employee of Nelson & Budd, Inc., at the time he sustained accidental injuries.

The appellant worked for Nelson & Budd, Inc., until ill health forced him to quit sometime in 1974. Mr. Nelson, the company's vice president, testified for the appellee and stated that the appellant's status with the company was "unemployed eligible for rehire." In February 1977, the appellant contacted Mr. Nelson about returning to work and was told, "Well, you get the doctor to say that you are able to go to work, and I will find you a job." The appellant never submitted a doctor's statement, yet he claims he was rehired to begin work on February 21, 1977, and that the appellee, as his insurer, is liable for the potential earnings which he lost due to an accidental injury on February 20, 1977.

Prior decisions have estabished that a person must be employed at the time of his injury to be entitled to compensation for lost earnings under the Georgia Motor Vehicle Accident Reparations Act (see *Southeastern Fidelity Ins. Co. v. Hicks,* 143 Ga. App. 165 (237 SE2d 655) (1977)), and the same rule applies even though a person's unemployment is only temporary (see *Sheffield v. Cotton States Mut. Ins. Co.,* 141 Ga. App. 861 (234 SE2d 695) (1977)). In *Vansant v. Allstate Ins. Co.,* 142 Ga. App. 684 (236 SE2d 858) (1977), we held that the beneficiary could recover the deceased's lost pension since the pension represented lost income within the meaning of the statute. Of course, the insured in *Vansant* had already been receiving his pension before his accidental death whereas, even if the appellant in this case was rehired prior to his injury, he had not as yet earned or received any wages. However, we do not find it necessary to determine whether coverage should extend in this situation since the appellant's evidence was insufficient to show that an employment relationship existed at the time of the accident.

The appellant relied on the affidavit of a shop foreman at Nelson & Budd, Inc., to rebut Mr. Nelson's testimony that the appellant was not an employee at the time of his injury. The foreman testified that in response to his comment that an additional truck driver was needed, the truck dispatching foreman said that he was going to assign the appellant to that truck for the day

(February 21, 1977) since Mr. Nelson had instructed him to make preparations for appellant's return to work. The shop foreman also testified that because the appellant did not appear for work, as expected, this particular truck was not dispatched on February 21.

The appellee contends that the shop foreman's testimony is inadmissible hearsay; whereas, the appellant contends it is admissible under Code § 38-302 since it explains the foreman's conduct in not dispatching the truck that day. Reference to the foreman's affidavit shows that he stated he was "assisting" the dispatcher on February 21 and that he "stated" to the dispatcher that another driver was needed. There is nothing in his affidavit which suggests that the affiant/shop foreman had any ultimate responsibility for the assignment of drivers and the dispatching of trucks. For this reason, the portion of the foreman's affidavit which relates what the dispatcher said Mr. Nelson told him is not admissible original evidence under Code § 38-302.

The foreman also testified that "to the best of [his] knowledge and recollection of the events of Monday, February 21, 1977, Mr. Phillips had been rehired as a truck driver for Nelson & Budd, Inc., and that a suitable truck was held for him on that date." The foreman was not a party to the alleged rehirement of appellant, and thus his statement that an agency relationship existed is merely a *conclusion*. See *Salters v. Pugmire Lincoln-Mercury, Inc.*, 124 Ga. App. 414 (1) (184 SE2d 56) (1971). Mr. Nelson's denial of the agency relationship is, on the other hand, a statement of *fact* since he was a party to the alleged employment contract. See *Hampton v. McCord*, 141 Ga. App. 97, 99 (232 SE2d 582) (1977).

"[T]here is a distinction between bare assertions or denials of a legal relationship by parties to it as opposed to such statements by outsiders. In the first instance the presumption of personal knowledge is strong, and the statement is more like a summary of many facts and the personal understanding of one's status vis a vis another, than a conclusion of law. This is particularly true when the negation of the relationship is the issue. . .

"On the other hand, the existence of the relationship is not within the personal knowledge of an outsider. What

he may know are certain facts which might lead to that conclusion." *Salters v. Pugmire Lincoln-Mercury, Inc.,* supra, p. 416. The appellant's conclusionary evidence was, therefore, insufficient to rebut the appellee's factual evidence that the appellant had not been rehired prior to February 21, 1977. See *Varnadoe v. State Farm Mut. Auto. Ins. Co.,* 112 Ga. App. 366 (1) (145 SE2d 104) (1965).

The appellant introduced no other evidence which showed or tended to show that his employment relationship was re-established before his accident. Accordingly, it was not error for the trial judge to grant summary judgment to the appellee. See *Sloan v. Hobbs Sporting Goods Shop,* 145 Ga. App. 255, 257 (243 SE2d 673) (1978).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 13, 1978 — DECIDED DECEMBER 5, 1978.

*Howard, Cook, Mullinax & Hamilton, Charles A. Mullinax, David S. Lipscomb,* for appellant.

*Carter, Ansley, Smith & McLendon, Anthony C. Smith, Tommy T. Holland,* for appellee.