## 62643. AETNA CASUALTY & SURETY COMPANY v. REVERE.

DEEN, Presiding Judge.

This is an appeal from a bench trial judgment granting PIP benefits to the appellee, injured while a passenger in the automobile of the appellant's insured. The sole question is whether the appellee is eligible as suffering a "loss of income or earnings during disability" under Code § 56-3403b (b) (2), defined in Code § 56-3402b (k) as economic loss. The facts are, briefly, that Revere, a laborer, worked for his employer from March 25, 1978, until he sustained a back injury in an automobile collision on April 4, 1978. An uncontradicted Wage and Salary Verification by the employer admitted in evidence shows that he was carried on the payroll from March 25 through April 7 and bears the notation "A/A Not Employed." He was regularly treated and considered he would be able to go back to work within a week or so when he sustained the injury involved here on July 31, 1978. His physician had also seen him on June 13 and found him "not improved to the point where we could return him to work" but apparently thought him close to that point. This accident either exacerbated or re-injured his lower back and is the incident for which disability compensation is claimed.

The claimant was not being carried on the employer's payroll at the time of the second injury; whether or not he could have returned to work there is a moot question as no attempt to do so was made either before or after the second injury. It is therefore clear that he had no earnings as of the time of the July 31 injury. As for "income," the claim arising from the April 4 collision was settled December 4, 1978, for the sum of $9,751.00. The trial judge awarded disability benefits to the plaintiff in this case based on his construction of the opinion in *Vansant v. Allstate Ins. Co.,* 142 Ga. App. 684 (236 SE2d 858) (1977), and held that Revere "was receiving lost earnings or income at the time of the second injury in the form of PIP benefits to compensate for lost earnings or income from Site Service, Inc. after April 4, 1978, and that he was employed by Site Service, Inc. but was temporarily involuntarily disabled from work." He further stated: "The criteria to be followed is that for a reasonable time prior to the injury the claimant was gainfully employed, that he was involuntarily terminated or voluntarily terminated but qualified for unemployment compensation, and that during the period of non-active employment he was receiving some economic compensation, i.e., disability income, sick pay, salary continuation, accrued annual leave, worker's compensation, pension, social security disability, vocational rehabilitation benefits, or PIP

earnings and income benefits." We believe this analysis to be in error. Under Code § 56-3409b PIP benefits are not to be reduced by the receiving of any benefits for worker's compensation, medical payments or other disability, wage loss or hospitalization benefits. Code § 56-3409b (a). Benefits being received by a claimant at the time of compensable PIP accident for lost wages cannot therefore be reduced by payment for "other disability or wage loss." Such benefits would necessarily be reduced or terminated, however, by the act of receiving *wages,* since one who receives wages is not, as to that amount, suffering a "loss of income or earnings" under Code § 56-3403b (b) (2). "Prior decisions have established that a person must be employed at the time of his injury to be entitled to compensation for lost earnings under the Georgia Motor Vehicle Accident Reparations Act (see *Southeastern Fidelity Ins. Co. v. Hicks,* 143 Ga. App. 165 (237 SE2d 655) (1977)), and the same rule applies even though a person's unemployment is only temporary (see *Sheffield v. Cotton States Mut. Ins. Co.,* 141 Ga. App. 861 (234 SE2d 695) (1977))." *Phillips v. Aetna Cas. &c. Division,* 148 Ga. App. 351 (251 SE2d 180) (1978). A desire or intention to engage in future employment is not sufficient, although a firm contract would be a different matter. *American Interstate Ins. Co. v. Revis,* 156 Ga. App. 204 (1) (274 SE2d 586) (1980). One not receiving income at the time of injury is not entitled to these benefits. *Miller v. Spicer,* 147 Ga. App. 759 (4) (250 SE2d 492) (1978). One who loses no compensable income in such an accident has no right to recover under Code Ann. § 56-3403 (b). *State Farm Mut. Auto. Ins. Co. v. Smith,* 245 Ga. 654 (266 SE2d 505) (1980). *Vansant v. Allstate Ins. Co.,* 142 Ga. App. 684, supra, is not applicable; it involved a beneficiary's right to recover her deceased husband's lost pension which represented lost earned income within the meaning of the statute. *Phillips v. Aetna Cas. &c. Division,* 148 Ga. App. 351, supra, p. 352. In the present case the claimant was not employed on July 31 at the time of the accident here involved, and he lost no income or earnings which he would otherwise have collected from the April 4 accident.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 20, 1981 —
REHEARING DENIED NOVEMBER 6, 1981 —

*William L. Spearman,* for appellant.
*C. Lawrence Jewett,* for appellee.