**75847. CRAWFORD et al. v. SAFECO INSURANCE COMPANY.**
(369 SE2d 296)

CARLEY, Judge.

While she was a pedestrian, appellant-plaintiff's wife was struck by an automobile which was being operated by appellee-defendant's policyholder. Appellant's wife subsequently died from the injuries that she received. Appellee paid medical benefits to the limits of the PIP medical coverage afforded in the applicable policy. Appellee declined, however, to pay any PIP benefits for loss of "income or earnings." Appellant filed this action against appellee, seeking to recover PIP benefits for his deceased wife's loss of "income or earnings." Appellant alleged in his complaint that, prior to her death, his wife had been unemployed "but was receiving $81.00 monthly for food stamps. . . ." Appellee's answer included a motion to dismiss for failure to state a claim upon which relief could be granted. The trial court granted appellee's motion and appellant appeals from this grant of appellee's motion to dismiss for failure to state a claim.

1. The issue to be decided is whether the trial court correctly ruled that, as a matter of law, the value of food stamps received from the State is not included within the concept of "income or earnings" as provided in OCGA § 33-34-4 (a) (2) (B). " 'The appellate courts of this state have held that an injured party is not entitled to recover lost income benefits if he is unemployed or "receiving no income" at the time of injury. [Cits.] While it is not essential to recovery of lost income benefits that the injured party actually be earning income on the date of injury, he must, at a minimum, have accepted an offer of

income-generating employment or have a continuous pattern of employment prior to the period of disability. [Cits.]' [Cit.]" *Midland Ins. Co. v. West*, 175 Ga. App. 419, 420 (1) (333 SE2d 628) (1985). See also *Leonard v. Preferred Risk Mut. Ins. Co.*, 247 Ga. 574, 575 (1) (277 SE2d 675) (1981); *Insurance Co. of North America v. Smith*, 183 Ga. App. 266, 267 (1) (358 SE2d 658) (1987). Thus, since appellant's claim alleged only a loss of the value of food stamps and failed to allege the loss of any income attributable to his deceased wife's employment, his complaint failed to state a claim for a compensable loss under OCGA § 33-34-4 (a) (2) (B). See *Vansant v. Allstate Ins. Co.*, 142 Ga. App. 684 (236 SE2d 858) (1977). See also *Aetna Cas. &c. Co. v. Revere*, 160 Ga. App. 316 (287 SE2d 251) (1981).

Appellant's reliance on *Vansant v. Allstate Ins. Co.*, supra, is misplaced. In *Vansant*, supra at 687, this court simply held "that 'income or earnings' includes *delayed earnings* such as pensions or annuities. . . ." (Emphasis supplied.) As was subsequently recognized in *Aetna Cas. &c. Co. v. Revere*, supra at 317, the controlling factor in *Vansant* was the connection between the payments which were lost and the employment of the individual who had previously been receiving them. There is no such connection in the present case. Food stamps do not represent either the past or the future employment income or earnings of their recipient, and it follows that the lost value of food stamps is not compensable under OCGA § 33-34-4 (a) (2) (B). See generally *Aetna Cas. &c. Co. v. Revere*, supra. Accordingly, the trial court correctly granted appellee's motion to dismiss appellant's complaint for failure to state a claim upon which relief can be granted.

2. Appellant's remaining enumerations of error are rendered moot by our holding in Division 1.

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., Banke, P. J., Sognier, Pope, Benham and Beasley, JJ., concur. Deen, P. J., concurs in part and dissents in part.*

DEEN, Presiding Judge, concurring in part and dissenting in part.

While otherwise concurring fully with the majority opinion as far as it goes, I believe that this appeal is frivolous and that this court should also assess a penalty against the appellant, pursuant to Rule 26 (b) of the Rules of the Court of Appeals. I must respectfully dissent from the majority opinion's failure to assess such a penalty.

The appellant sought to recover PIP benefits for his deceased wife's loss of income or earnings, on the basis that his late wife's receipt of $81 monthly food stamps constituted income. One's eligibility for food stamps, however, actually is determined in part by one's level or lack of income. 7 CFR § 273.9. To re-classify food stamps as income would equate positive with negative, presence with absence,

plus with minus, or would make something out of nothing. It should go without saying, based on mathematical probability or common sense, that receipt of food stamps is not income.

If the appellant entertained any belief that this court would reverse the trial court's finding that food stamps are not income, that belief was unreasonable. Imposition of a penalty of $250 under our Rule 26 (b) is in order.

DECIDED APRIL 27, 1988.

*William T. Hudson*, for appellants.
*James M. Thomas*, for appellee.