## S96A1406. CITY OF ALBANY v. OXFORD SOLID WASTE LANDFILL, INC.
(476 SE2d 729)

SEARS, Justice.

In this matter, we are asked to determine whether the trial court erred in issuing a writ of mandamus compelling the City of Albany to issue a land disturbance permit, required for the operation of a landfill, to Oxford Solid Waste Landfill, Inc. ("Oxford"). As explained below, we find that, under the circumstances of this case, it would have been futile for Oxford to have pursued the only avenue of appellate relief available to it before seeking mandamus. We also find that, contrary to the City's assertion, Albany's zoning ordinance makes provision for landfills. Therefore, we find no error in the granting of mandamus relief, and we affirm.

Oxford sought to open an inert landfill[1] in Albany, Georgia. As a prerequisite to the operation of a landfill in Albany, Section 4.22 of the City Zoning Ordinance requires the operator to obtain a land disturbance permit from the City Engineer. Oxford was informed by the City Attorney that the Zoning Ordinance permits landfills, provided the operator first obtains (1) a certificate from the City Building Department, (2) approval from the City Engineer — including a land disturbance permit, and (3) a permit by rule from the Georgia Department of Natural Resources Environmental Protection Division (EPD). The City Engineer is required to issue or deny the land disturbance permit within 45 days of application.[2] Oxford engaged engineers and legal counsel to assist it in obtaining the required permits, and purchased 20 acres of property for the landfill.

Oxford completed the required applications and submitted its plans to the City. The City Engineer then informed the City Planning Commission that the Oxford application met all of the engineering requirements of Section 4.22. Approximately three months later, the City Commission passed a moratorium prohibiting the issuance of any landfill permits for a period of sixty days. Oxford filed a Petition for Mandamus in the Superior Court of Dougherty County, seeking to force the City Engineer to issue a decision on its application for a land disturbance permit. The day before the mandamus hearing, the City Engineer denied Oxford's request for a permit. A hearing on the mandamus petition was held the next day, after which the Superior Court commanded the City to issue the land disturbance permit, and denied the City's request for supersedeas. The City then filed this appeal.

---

[1] An inert landfill handles only earth and earth-like materials, such as tree limbs, yard clippings, rocks, and bricks.

[2] See OCGA § 12-7-1 et seq.; Albany City Ordinance 12.5-5.

1. The land disturbance permit was sought and denied under the Albany Soil Ordinance, which provides for the administrative appeal of a permit denial before the City Planning Commission. The City claims that the trial court erred in issuing the writ, because Oxford failed to exhaust the administrative appeal available to it under the Soil Ordinance prior to seeking mandamus. Because Oxford had an adequate remedy at law through administrative appeal, by which it might have obtained complete relief, the City argues that mandamus relief was inappropriate.

As a general rule, it is established that a writ of mandamus will not issue where there is an adequate legal remedy available to the applicant.[3] However, even when there is an available legal remedy, "a court in equity will not require pursuit of the remedy if to do so would be a futile act."[4] In this case, the trial court found that Oxford's application for a land disturbance permit was rejected by the City Engineer because he was instructed by the City Manager at the direction of the Albany City Commission not to issue the permit. In light of these particular facts, it is obvious that to require Oxford to pursue an administrative appeal before the City's Planning Commission would be a futile act. Accordingly, there was no error in the issuance of the writ, despite an available avenue of administrative appeal.

2. The City contends that it was error to issue the writ of mandamus ordering the approval of a land disturbance permit, because the City Ordinance does not provide for landfills. Our review of the record shows that this contention is incorrect. Section 4.22 of the Albany Zoning Ordinance states that:

> The principal use of land for . . . filling or depositing of any type of earth material, topsoil, gravel, rock, garbage, rubbish, or other wastes or by-products, is not permitted in any zoning district *except* under a certificate from, and under the Supervision of the Building Department in accordance with a topographic plan, approved by the Engineering Department [ ].

(Emphasis supplied.) Thus, we find that the City's own Zoning Ordinance, by its plain terms, recognizes that land may be used for landfill purposes, so long as the proper procedures are followed and the requisite approvals are obtained. Moreover, the City does not dispute that it operates landfills within areas governed by the Zoning Ordinance. Accordingly, we reject this enumeration as meritless.

---

[3] *Speedway Grading Corp. v. Barrow County*, 258 Ga. 693, 695 (373 SE2d 205) (1988).

[4] *Powell v. City of Snellville*, 266 Ga. 315, 316 (467 SE2d 540) (1996).

3. The City also argues that the trial court erred by finding that Oxford had certain vested rights in the property that militated in favor of granting mandamus relief. The City argues that there can be no vested right to use property in a manner not permitted under the Zoning Ordinance. Pretermitting the question of whether the language used by the trial court in its order actually refers to vested rights, we find this contention to have been rendered moot by our ruling in Division 2, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 15, 1996 —
RECONSIDERATION DENIED NOVEMBER 8, 1996.

*Al Grieshaber, Jr., Jenkins & Nelson, Kirk R. Fjelstul, Peter R. Olson,* for appellant.

*Watson, Spence, Lowe & Chambless, Stephen S. Goss,* for appellee.