### A98A0779. HALL COUNTY v. MERRITT et al.
(504 SE2d 754)

McMURRAY, Presiding Judge.

Appellant-condemnor Hall County ("the County") filed a special master petition to condemn the fee simple interest in 51.578 acres belonging to appellee-condemnee, Roy Merritt, for the purpose of constructing and maintaining a municipal solid waste landfill. The special master awarded $575,000 as the actual market value with no consequential damages or consequential benefits. Both condemnee Roy Merritt and the condemnor County appealed to the superior court. The issue of just and adequate compensation was tried before a jury which returned a general verdict awarding Roy Merritt "$1,035,600 (20,000.00) per acre." From the judgment entered on the jury's verdict, the County brings this appeal. *Held*:

1. Hall County first contends the trial court erred in denying its motion in limine and in admitting opinion testimony by David Childers, an expert real estate appraiser, that the highest and best use of the property was as a *private* sanitary landfill. The County argues that a private sanitary landfill was not reasonably possible, even though state environmental authorities already had declared the area including Roy Merritt's 51 acres to be a suitable site for a landfill, because the County already acquired the adjacent property; the Hall County land use master plan did not envision private sanitary landfills; and County ordinances forbade dumping municipal waste that originated from outside of Hall County. Consequently, the County argues that Childers' opinion testimony is based on mere speculation and without probative value.

James Henry Miller, the County Engineer, affirmed that on March 7, 1994, "the county did obtain from the [Georgia] Environmental Protection Division a site suitability approval; . . . [that on] August 18th of 1995, [the subject] property was taken from Mr. Merritt for this landfill[; and] that the landfill is now in operation."

County Engineer Miller also conceded that a private "construction demolition landfill . . ." operated legally in Hall County. County Engineer Miller further acknowledged that "some counties have turned to private landfill companies to operate landfills for them. . . ."

Condemnee's expert real estate appraiser, David Childers, testified as follows: "As of the date of taking, . . . this property had been designated as suitable for part of a sanitary landfill. Site suitability is the key word here. . . . And so the highest and best use of the property at that time was then to combine it with the adjoining properties to complete this landfill site and develop it as a sanitary landfill. Childers recognized the fact that the front part of the property was already zoned for industrial use and [that a] landfill was an allowed use on that part of the property, but that the rear part of the property was not zoned for industrial use. So the property would have to be rezoned in order to develop a sanitary landfill."

"It has long been the policy of the Georgia appellate courts to be liberal in allowing matters to be considered by the jury which might affect their collective mind in determining the just and adequate compensation to be paid the condemnee. In Georgia the condemnee is entitled to recover for the value of property based on its special adaptability for uses, [cits.], and, unlike most jurisdictions, including those which can only be effectuated by an authority with the power of condemnation. [Cits.] In short, the Georgia courts have permitted almost any possibility to be submitted to the jury which might shed light on the true value of the property, subject only to the limitations that the matter must not be merely remote or speculative and its consideration must be authorized by the evidence." *Civils v. Fulton County*, 108 Ga. App. 793, 795 (2), 796 (2) (b) (134 SE2d 453).

The jury is not restricted solely to present zoning. *Dept. of Transp. v. Sconyers*, 151 Ga. App. 824, 826 (2) (261 SE2d 728). See also *City of Albany v. Oxford Solid Waste Landfill*, 267 Ga. 283, 284 (2) (476 SE2d 729) (mandamus issued ordering city to approve land disturbance permit). Specifically, "where there 'is a possibility or probability that the zoning restrictions may in the near future be repealed or amended so as to permit the use in question, such likelihood may be considered if the prospect of such repeal or amendment is sufficiently likely as to have an appreciable influence upon present market value[, provided] such possible change in zoning regulations must not be remote or speculative.'" *Civils v. Fulton County*, 108 Ga. App. 793, 797, supra.

"In condemnation proceedings, it is within the trial court's discretion to determine whether the evidence shows that the subject property is reasonably suited for a use different from its existing use, and it may admit or exclude evidence of value for such other use. Its

rulings admitting or excluding such evidence will not be reversed unless there was a manifest abuse of its discretion. *Dept. of Transp. v. Great Southern Enterprises*, 137 Ga. App. 710, 713 (2) (225 SE2d 80) (1976)." *Colonial Pipeline Co. v. Williams*, 206 Ga. App. 303, 304 (425 SE2d 380). The salient circumstances in the case sub judice are that the state environmental authorities had determined the surrounding area, including a portion of the condemned property, was a suitable site for a sanitary landfill, and that the county already was operating a sanitary landfill in close proximity to the condemned parcel. There is evidence that some counties have contracted the responsibility for maintaining and operating sanitary landfills to private concerns. In an era in which privatization is an increasingly common alternative to tasks hitherto the domain of local government, we cannot say the superior court manifestly abused its discretion in admitting expert opinion as to the true market value on the date of taking, premised on the use of the property as a proprietary landfill. See *State Hwy. Dept. v. Thomas*, 106 Ga. App. 849 (1), 851 (128 SE2d 520). Even where the relevancy of evidence is doubtful, it should be admitted and its weight determined by the jury. *Moss v. Hall County Bd. of Commrs.*, 197 Ga. App. 76, 77 (397 SE2d 493).

2. Next, the County contends the trial court abused its discretion in refusing to strike the expert opinion testimony of Childers, arguing that Childers' testimony was only the hearsay opinion of others.

Because there were no known comparable sales of public landfills to private concerns, Childers applied a cash flow analysis indicating that condemnee's 51 acres had a true market value of $33,256 per acre. To check this figure, Childers inquired of four persons in the landfill business. They each confirmed to him the existence of a rule of thumb that "raw land approved having site suitability is worth one dollar per cubic yard." That rule of thumb yielded a value of "$31,120 per acre. So based on those two estimates, [Childers] concluded that a reasonable . . . market value estimate for the raw land as of the date of taking was $32,000 per acre."

"Market value is exclusively a matter of opinion even though expressed as a fact. It may rest wholly or in part upon hearsay, provided the witness has had an opportunity of forming a correct opinion." (Citations and punctuation omitted.) *Hirsch v. Joint City County Bd. of Tax Assessors*, 218 Ga. App. 881, 882 (1) (463 SE2d 703). See OCGA § 24-9-66. "The law in Georgia is that '(a)n expert may give an opinion upon the facts testified to by other witnesses, but not upon their opinions.' *Walker v. Fields*, 28 Ga. 237 (2) (1859). 'A witness' opinion must be his own and he cannot act as a mere conduit for the opinions of others. (Cit.)' *Stephen Brown Radiology Assoc. v. Gowers*, 157 Ga. App. 770, 780 (5) (278 SE2d 653) (1981)." (Emphasis omitted.) *Hyles v. Cockrill*, 169 Ga. App. 132, 134 (4) (312 SE2d 124).

It is clear that Childers expressed his own opinion as to the true market value of condemnee's specific property. In our view, the existence of a formula or rule of thumb used by professionals in valuing raw land for landfill purposes does not render Childers' own independent opinion an impermissible conduit for the opinions of non-witnesses. The trial court did not err in refusing to strike the testimony of condemnee's expert on this ground.

3. As a rebuttal witness, the County proffered Jim Shuler, the assistant county administrator and former county engineer, to testify it "has always been the intentions of the citizens of Hall County and the government of Hall County, the law of Hall County, the comprehensive plan of Hall County that this [landfill] would be a public and not a private landfill." The trial court concluded this testimony "would only be cumulative of what [County Engineer] Miller ha[d] already testified to on the subject. And he testified . . . repeatedly on that subject." Therefore, the trial court excluded the rebuttal testimony "as being covered by Mr. Miller and as being cumulative and speculative as well." This evidentiary ruling is the County's third enumeration of error. The County argues the testimony of Shuler was "relevant to a crucial element in the case, namely, the highest and best use of the subject property . . . [because Shuler was] in a position to know the policies of the Hall County governing authorities [and so his testimony] would not have been merely cumulative. . . ."

" 'Cumulative evidence' means evidence which is additional to other evidence already obtained." OCGA § 24-1-1 (2). It is " 'additional evidence offered to establish a fact to which witnesses have already testified.' " *Dale v. State*, 88 Ga. 552, 558 (5), 561 (15 SE 287). "It is not error to exclude otherwise relevant evidence if its probative value is substantially outweighed by considerations of avoiding the needless presentation of cumulative evidence from which the jury might or might not draw a certain inference. *Deters v. State*, 261 Ga. 186 (3) (b), 187 (402 SE2d 733)." *Green v. State*, 218 Ga. App. 648, 649 (2), 650 (463 SE2d 133). Based on the meager proffer noted above, it appears Shuler's testimony about County policies was entirely redundant of the actual ordinances,[1] the existing zoning regulations, and the comprehensive land use plan already testified to by County Engineer Miller during the County's case-in-chief. Accordingly, the trial court did not abuse its discretion in excluding this alleged rebuttal evidence as cumulative. *Jackson v. Dept. of Transp.*, 159 Ga. App. 130, 134 (5) (283 SE2d 59). As to future intentions, certainly Shuler has no personal knowledge about how any future board of county

---

[1] We express no opinion of the validity of certain county ordinances were they to be challenged on interstate commerce grounds. See, e.g., *Pine Ridge Recycling v. Butts County, Ga.*, 855 FSupp. 1264, 1274 (D) [18] (M.D. Ga. 1994).

commissioners would react to any concrete proposal to privatize solid waste management. In our view, the trial court correctly disallowed such evidence as speculative hearsay. Consequently, this enumeration is without merit.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JULY 17, 1998 —

*Stewart, Melvin & Frost, Frank Armstrong III*, for appellant.
*Hulsey, Oliver & Mahar, Thomas L. Fitzgerald*, for appellees.