## A01A2441. UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY v. WATSON.
### (564 SE2d 453)

Pope, Presiding Judge.

In 2000, the Unified Government of Athens-Clarke County instituted special master condemnation proceedings to acquire approximately 50 acres of land owned by Billy L. Watson. The special master awarded Watson $479,940 as the actual market value of the property, with no consequential damages or consequential benefits. Both parties appealed the award to the superior court. Following trial, a jury found $2,775,000 to be just and adequate compensation for the taking of the property. The Unified Government appeals the judgment entered on the jury's verdict.

The Unified Government claims that the trial court erred (1) by admitting evidence of a possible change in zoning, (2) in allowing hearsay evidence, and (3) in allowing expert witnesses to opine on the value of the property as if it had been actually rezoned. Watson and the Unified Government agree that the judgment should be corrected to reflect amounts previously disbursed to Watson from the special master's award. For reasons set forth below, we find no reversible error.

The record shows that the Watson property is located in an area known as "East Athens," approximately a mile from downtown Athens and within walking distance of the campus of the University of Georgia. The Unified Government condemned the land for use as a public park. The property was zoned RS-10 at the time of taking,

which restricts development to single-family residences. The area immediately surrounding the property is zoned single-family residential, although the surrounding homes were described as deteriorated. The general area is mixed use, including a multi-family, a commercial, and a governmental tract. Before Watson purchased it in 1987, the property was zoned for multi-family housing development.

1. The Unified Government claims that the trial court erred in admitting remote and speculative evidence of a possible change in property zoning.

[W]here there is a possibility or probability that the zoning restrictions may in the near future be repealed or amended so as to permit the use in question, such likelihood may be considered if the prospect of such repeal or amendment is sufficiently likely as to have an appreciable influence upon present market value [provided] such possible change in zoning regulations must not be remote or speculative.

(Punctuation omitted.) *Civils v. Fulton County*, 108 Ga. App. 793, 797 (2) (b) (134 SE2d 453) (1963). A trial court's ruling in admitting evidence with respect to the likelihood of a change in zoning restrictions will not be reversed absent a manifest abuse of discretion. *Hall County v. Merritt*, 233 Ga. App. 526, 527-528 (1) (504 SE2d 754) (1998). We find no such abuse here.

The Watson property was at one time zoned as a multi-family property and was rezoned as part of a general rezoning of the area, but there is no indication that the property was rezoned because it was unsuitable for multi-family use. Several experts opined, based on viewing the property, and with full knowledge of its current zoning status and the zoning classifications within Athens-Clarke County, that the highest and best use of the property was as a multi-family development. One of the Unified Government's own witnesses testified that the highest and best use of the property was as multi-family development. There is also evidence that the property was suitable for multi-family use in its size, its proximity to the University of Georgia and downtown Athens, the mixed use of property in the general area, and the deteriorating nature of the single-family housing in the immediate area.

The Unified Government presented the testimony of the planning director of the Unified Government's Planning Department and a local developer to show that a rezoning of the property to multi-family was unlikely, but it was inherent in their testimony that a rezoning of the property to multi-family was possible. Specific evidence of the suitability of the property for multi-family use, as well as the location of the property and the nature of the neighborhood, indicates that a valuation taking into account a possible change in

zoning was not mere speculation. As there is evidence that a rezoning of the property to multi-family in the near future was sufficiently likely to affect its market value, the trial court did not demonstrate manifest abuse of discretion in allowing the jury to consider such evidence.

Relying on *DeKalb County v. Dobson*, 267 Ga. 624 (482 SE2d 239) (1997), and *Gwinnett County v. Davis*, 268 Ga. 653 (492 SE2d 523) (1997), the Unified Government questions whether evidence that the property's highest and best use as a multi-family development was relevant to the question of whether the property could be rezoned to allow for such a use. *Dobson* and *Davis* are distinguishable because they involved constitutional challenges to a property's zoning. In a condemnation case, we have allowed consideration of the suitability of property for a different use from that allowed by current zoning in expert testimony regarding market value. See *Hall County v. Merritt*, 233 Ga. App. at 527-528 (1) (jury not restricted solely to present zoning).

2. The Unified Government claims that the trial court erred in admitting an out-of-court statement of John Davis, who was a former planning director for the Unified Government. Watson testified that, in 1990, Davis asked Watson not to sue the Unified Government over the single-family zoning of the property, but that "when the time came that [Watson] wanted to develop the property, they would work with [him]." The Unified Government further objects to the trial court's admission of (a) a second reference by Watson to Davis's representation, and (b) two references by Watson's agent Queen to Davis's out-of-court statement. The Unified Government also claims the trial court erred in allowing reference to Davis's hearsay statement, and in allowing its use in forming an opinion, in the expert testimony of urban planner Robert Steubing and real estate appraiser Bill Stripling. "The admission of evidence lies in the sound discretion of the trial court." (Citation omitted.) *Dept. of Transp. v. Mendel*, 237 Ga. App. 900, 902 (2) (517 SE2d 365) (1999).

The trial court allowed Watson and Queen to testify to the out-of-court statements made by Davis for the purpose of explaining Watson's course of conduct in not earlier challenging the zoning of the property. The Unified Government argues that the hearsay could not be used to explain Watson's conduct because Davis could not bind the Unified Government in rezoning decisions, and because Davis's statements were not relevant. "When . . . the conduct and motives of the actor are matters concerning which the truth must be found (i.e., are relevant to the issues on trial), then information, conversations, letters and replies, and similar evidence known to the actor are admissible to explain the actor's conduct." (Citations omitted.) *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982).

The Unified Government's first witness, William Gottschalk, questioned Watson's decision not to challenge the rezoning of the property. Gottschalk testified that, if the property were worth more if it were zoned for multi-family use, then "what owner would not race to the zoning commission and have it zoned multi-family? If it could have been zoned multi-family, it would have been zoned multi-family." We are satisfied that the statements by Davis were properly admissible to explain Watson's conduct in not challenging the zoning of the property.

*Phillips v. Aetna Cas. &c. Div.*, 148 Ga. App. 351 (251 SE2d 180) (1978), upon which the Unified Government relies, is distinguishable. The Unified Government maintains that Davis's hearsay testimony was irrelevant because he did not have ultimate authority over rezoning. In *Phillips*, we found that hearsay testimony could not be introduced to explain the conduct of a witness in not dispatching a truck where it could not be shown the witness had the authority to dispatch the truck. Id. at 353. In other words, hearsay cannot be introduced to show why a person did not engage in conduct which the person did not have the independent power to engage in. In contrast, Davis's hearsay statement was introduced to explain why Watson decided to not challenge the zoning, which Watson was capable of doing.

With respect to the expert testimony of Steubing and Stripling, the Unified Government argues that they impermissibly relied upon the hearsay statement of Davis in concluding that the property could be rezoned. "A witness' opinion must be his own and he cannot act as a mere conduit for the opinions of others." (Citations and punctuation omitted.) *Hall County v. Merritt*, 233 Ga. App. at 528 (2). Nevertheless, even if an expert's opinion of market value relies partly on hearsay, it is not invalid so long as they had a valid basis for forming their opinion. "Market value is exclusively a matter of opinion even though expressed as a fact. It may rest wholly or in part upon hearsay, provided the witness has had an opportunity of forming a correct opinion." (Citations and punctuation omitted.) Id.; OCGA § 24-9-66. "If it is based on hearsay this would go merely to its weight and would not be a ground for valid objections." (Citations omitted.) *Schoolcraft v. DeKalb County*, 126 Ga. App. 101, 103 (2) (189 SE2d 915) (1972). See *Clayton County Water Auth. v. Harbin*, 192 Ga. App. 257, 258 (3) (384 SE2d 453) (1989).

The witnesses conducted their own independent investigations in forming their opinions. In determining the highest and best use of the property, Steubing considered the property, the surrounding area, the type of development and zoning on the property and surrounding community, and its distance from downtown Athens. In determining valuation, Stripling, among other things, studied the

property, the tax plats, and the zoning history of the property. Although Steubing and Stripling were aware of Davis's hearsay statements regarding a rezoning, the witnesses did not act as "mere conduits" for the opinion of others. The trial court did not err in allowing reference to hearsay in the testimony of Steubing or Stripling.

3. The Unified Government claims the trial court erred by allowing Watson's expert witnesses to opine on the value of the property as if it had been actually rezoned from its single-family classification to a multi-family classification. "Even where a different use is probable, the jury cannot evaluate the property as though the new use were an accomplished fact; the jury can only consider the new use to the extent that it affects the market value on the date of taking." (Citation, punctuation and emphasis omitted.) *Colonial Pipeline Co. v. Williams*, 206 Ga. App. 303, 304 (425 SE2d 380) (1992).

But *Colonial* is not directly applicable here. The expert testimony in *Colonial* concerned the diminished retail value of a specific hypothetical lot subdivided on the property. We noted that the condemnee's expert "could have testified to his opinion of the value of the remaining land as of the date of taking based upon its enhanced value because of its adaptability as a residential subdivision[;] he could not testify as to the value before and after the taking based upon his assumption of the value as if the property had already been subdivided." *Colonial*, 206 Ga. App. at 305. Here, at least one expert witness valued the property accounting for its suitability for multi-family development, but not as if it had been actually zoned as a multi-family development. Appraiser Stripling, whose valuation of the property was the same as reflected in the jury verdict, testified that he did not take into account a multi-family zoning as an accomplished fact:

Q: So you made no adjustment whatsoever from the current RS-10 zoning to a multi-family zoning.
A: No, I recognized that in the adjustments that I applied, that we're not zoned that, so it's going to take something to get there. If it had already been zoned RM-1, of course, we wouldn't be here, but I would have put a higher price on it.

The Unified Government notes that Stripling never explains how he factors in the cost and risk of rezoning in reaching his opinion valuation. Nevertheless, he was not required to state all the facts on which his opinion was based. See *Hollywood Baptist Church &c. v. State Hwy. Dept.*, 114 Ga. App. 98, 100 (4) (150 SE2d 271) (1966). As Stripling's testimony is consistent with the requirements for the introduction of opinion evidence with regard to the value of the property on the date of taking, the trial court did not err in allowing it.

Furthermore, the trial court instructed the jury that they should not consider any likelihood of change in zoning "as an accomplished fact, but only the effect that the probability would have on the value of the property as of the date of taking." See *Dept. of Transp. v. Pilgrim*, 175 Ga. App. 576, 579 (3) (333 SE2d 866) (1985). Even if we assume, without deciding, that the trial court erred in allowing the valuation testimony of Watson's other expert witnesses because they valued the property as if it were currently zoned for multi-family use, the Unified Government was not harmed because the jury was properly instructed as to value, the opinion of expert Stripling was admissible, and the jury found the valuation of the property to be the same as the valuation reached by Stripling. As any error was harmless, no reversal is required. Id.

4. The Unified Government claims the trial court erred in entering judgment in the full amount of the verdict together with accrued pre-judgment interest without properly crediting the Unified Government with Watson's receipt of the special master's award. Watson agrees. Accordingly, the judgment entered must be corrected so that the Unified Government is properly credited for amounts previously received by Watson.

*Judgment affirmed and case remanded with direction. Blackburn, C. J., and Mikell, J., concur.*

DECIDED MARCH 13, 2002 —
RECONSIDERATION DENIED APRIL 12, 2002 — ■■■■■■■■■■■■

*McLeod, Benton, Begnaud & Marshall, William C. Berryman, Jr., Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr.,* for appellant.

*Fortson, Bentley & Griffin, J. Edward Allen, Jr., Richard L. Ford,* for appellee.